## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## CASE NO. 23-cv-24366-BLOOM/Torres

XYZ CORPORATION,

Plaintiff,                                                 **FILED UNDER SEAL**

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, MARVEL TECHNOLOGY (CHINA) CO. LIMITED, (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" (herein collectively referred to as "Defendants"), enclosed as an exhibit hereto, and in support thereof, states as follows:

## INTRODUCTION

1.      This is a civil action for utility and design patent infringements pursuant to the Patent Act, 35 U.S.C. § 101 *et seq.,* including 35 U.S.C. § 271.

2.      Plaintiff owns 1) Utility Patent, No. US 11,719,380 for a high-stability 360-degree photo booth (the "380 Patent"), 2) Utility Patent, No. US 11,720,000 for a 360-degree camera device having an atmosphere lamp (the "000 Patent"), and 3) Design Patent, No. US D976,993 S, for a camera platform (the "993 Patent") (collectively hereinafter "Plaintiff's Patents" or "360

Patents"). Plaintiff's Patents have been registered with the United States Patent and Trademark Office ("USPTO") and are protected from infringement under federal patent law.

3.      Without Plaintiff's authorization or license, Defendants are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patents within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs").  Such infringement is both deliberate and willful.

4.      As a result, Plaintiff is enduring continuous damages to its utility and design patents at the hands of the Defendants herein, who unlawfully reproduce goods utilizing Plaintiff's Patents to sell for substantial profits.  Furthermore, the goodwill associated with Plaintiff's Patents is being harmed by Defendants tricking and confusing the public.

5.      In summary, Plaintiff has spent significant amounts of resources in connection with patent enforcement efforts, including legal fees and investigative fees to battle the harm caused by Defendants' infringement actions.

## **PARTIES**

6.      Plaintiff, MARVEL TECHNOLOGY (CHINA) CO. LIMITED, is a limited company from China, and is otherwise *sui juris*.

7.      Plaintiff is the owner the Plaintiff's Patents registered with the USPTO, as follows:

    a.      Registration No. US 11,719,380 B1, Date: August 8, 2023,

    b.      Registration No. US 11,720,000 B1, Date: August 8, 2023,

    c.      Registration No. US D976,993 S, Date: January 31, 2023.

*See* true and correct copy of Plaintiff's Patents attached hereto as Exhibit 1-3.

8.     Upon information and belief, Defendants are individuals, partnerships and/or business entities of unknown makeup, who either reside and/or operate in foreign jurisdictions.

9.     Defendants target their business activities towards consumers throughout the United States, including Florida and this District using the operation of Internet based e-commerce stores, such as Amazon.com, via Internet marketplace websites using their Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff.

10.     Upon information and belief, Defendants produce and/or distribute products from foreign jurisdictions and ship their goods to fulfillment centers within the United States to redistribute their products from those locations to the American consumer.

11.     Defendants share numerous similarities in employing their tactics, which include: i) virtually identical layouts, (ii) similarities of the Counter Copies and suggestions that the illegal product was manufactured by and came from a common source, (iii) similar accepted payment methods, (iv) similar check out methods, metadata, and priced items, (v) lack of contact information.

12.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

13.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing infringing and counterfeit reproductions of Plaintiff's Patents unless preliminarily and permanently enjoined.

14.     Plaintiff has and will continue to suffer damages as a result of Defendants' patent infringements unless injunctive and monetary relief is awarded by this Honorable Court.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this case pursuant to the Federal Patent Act, 35 U.S.C. § 101 *et seq*., and 28 U.S.C. §§ 1331 and 1338.

16.     Defendants are subject to personal jurisdiction in this district because they purposefully direct their sales of goods, utilizing Plaintiff's Patents, to Florida residents by operating stores through online Platforms that offer shipping within the United States, including Florida and this District. The Defendants infringe Plaintiff's Patents in this District by manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing unauthorized reproductions of Plaintiff's Patents through such Internet based e-commerce stores and fully interactive commercial Internet websites and Plaintiff's claims arise out of these activities.

17.     Venue is proper over Defendants in this District pursuant 28 U.S.C. § 1391 and 28 U.S.C. § 1400, since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this District by advertising, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patents into this District and the Defendants are subject to personal jurisdiction within this District with respect to the action brought herein.

## GENERAL ALLEGATIONS

18.     Plaintiff has filed this lawsuit against Defendants to enjoin online patent infringers who trade upon Plaintiff's valuable patents by distributing, offering to sell and/or selling unauthorized goods that incorporate and infringe Plaintiff's Patents.

19.     Plaintiff filed with the USPTO utility and design patents for 360 degree photographing platforms ("Plaintiff's Patents" / "360 Patents"):

    a.     Registration No. US 11,719,380 B1, Date: August 8, 2023,

4

      b.      Registration No. US 11,720,000 B1, Date: August 8, 2023,

      c.      Registration No. US D976,993 S, Date: January 31, 2023.

*See* Exhibit 1-3.

20.     Plaintiff's Patents registrations are valid, in full force and effect, unrevoked and uncanceled.

21.     Plaintiff has provided Defendant's with notice of its Patent rights by providing online, including through its website.

22.     Plaintiff has not granted a license or any other authorizations to Defendants to make, use, offer for sale, sell and/or import goods that embody the utility patented in Plaintiff's Patents which are proprietary to Plaintiff.

23.     Upon information and belief, Defendants willfully and knowingly infringe Plaintiff's patent rights.

24.     Upon information and belief, Defendants are advertising, distributing, offering to sell and/or selling unauthorized goods that incorporate and infringe Plaintiff's Patents in U.S. interstate commerce.

25.     Defendants offer to sell exact copies, or copies that either directly and literally embody the elements of at least one claim of the Plaintiff's Patents or, in the alternative, perform substantially the same function in substantially the same way with substantially the same result as Plaintiff's Patents (hereinafter referred to as the Defendants' "Counterfeit Copies") through Internet based e-commerce stores operating under the Seller IDs.

26.     Upon information and belief, Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Copies without authority to use Plaintiff's Patents.

27.     At all times relevant hereto, Defendants knew or should have known of Plaintiff's ownership of the Patents, including its exclusive right to use and license such intellectual property.

28.     Defendants' use of Plaintiff's Patents to create the Counterfeit Copies, is without Plaintiff's consent or authorization.

29.     Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights. If Defendants' willful and intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

30.     Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

31.     Upon information and belief, Defendants continuously create new websites and online marketplace accounts using the Seller IDs listed in Schedule A (attached hereto as "Exhibit 4"), as well as other unknown fictitious names and addresses.

32.     Further, upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff in order to avoid being detected and shut down.

33.     Plaintiff has no adequate remedy at law.

34.     Plaintiff is suffering irreparable harm, injury and substantial damages directly and proximately caused by Defendants' unauthorized and wrongful use of Plaintiff's Patents.

35.      Defendants must be enjoined from continuing to advertise, distribute, offer for sale and/or sell Counterfeit Copies that directly infringe on Plaintiff's Patents protections pursuant to federal patent law.

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENTS
## 35 U.S.C. § 271

36.      Plaintiff reincorporates and realleges paragraphs 1 through 35 of this Amended Complaint as if fully set forth herein.

37.      The registrations for Plaintiff's Patents are valid, subsisting, unrevoked and uncanceled.

38.      Plaintiff is the owner of United States Utility Patent, No. US 11,719,380, 2), Utility Patent, No. US 11,720,000 and Design Patent, No. US D976,993 S (Plaintiff's Patents") (*See* Exhibit 1-3) at issue in this lawsuit.

39.      Plaintiff is the owner of all right, title and interest in and to the Plaintiff's Patents, and Plaintiff is entitled to receive all damages and the benefits of all other remedies for Defendants' infringements.

40.      Without Plaintiff's permission or authorization, Defendants have infringed one or more of Plaintiff's exclusive rights relating to the federally registered Plaintiff's Patents by importing, manufacturing, offering for sale, and/or selling Counterfeit Copies which infringe on the Plaintiff's Patents.

41.      Defendants' Counterfeit Copies infringe directly or indirectly on the Plaintiff's Patents both literally and under the doctrine of equivalents.

42.      Defendants are directly liable for infringing Plaintiff's Patents under the Patent Act, 35 U.S.C. § 271.

43.     The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights to its patents.

44.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching themselves at Plaintiff's expense.

45.     As a direct and proximate result of Defendants' continuous infringement of Plaintiff's Patents, Plaintiff is entitled to injunctive relief as well as monetary damages as provided by the Patent Act, including Defendants' profits pursuant to 35 U.S.C. §§ 284 and 289.

46.     Plaintiff is further entitled to its attorney's fees pursuant to 35 U.S.C. § 285.

47.     Upon information and belief, Defendants' infringement of Plaintiff's Patents has been and continues to be willful.

48.     Defendants' conduct has caused and will continue to cause Plaintiff substantial damages, including irreparable harm, for which Plaintiff has no adequate remedy at law, unless and until Defendant is enjoined from infringing Plaintiff's Patents.

49.     Plaintiff is entitled to injunctive relief, as set forth below, because of the continuing infringements of Plaintiff's Patents and because of the significant threat of future infringement as evidenced herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment, an award of equitable relief and monetary relief against Defendants as follows:

A.     Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 284, and Federal Rule of Civil Procedure 65; enjoining Defendants, their affiliates, officers, agents, representatives, servants, employees, and all persons acting in concert or participation

therewith, from infringing Plaintiff's Patents in manufacturing or causing to be manufactured, producing, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Copies; from infringing, counterfeiting, and from using any reproduction, counterfeit, copy, or colorable imitation of the Patent in connection with the publicity, promotion, offer for sale, sale, or advertising of any goods sold by Defendants.

B.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act,  and the Court's inherent authority, that upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, associated ecommerce stores and websites, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing infringements of Plaintiff's Patents.  The Internet marketplace platforms include but are not limited to; Amazon.

C.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority, that upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, identify any name, address and e-mail address known to be associated with Defendants' respective Seller IDs.

D.      Entry of an order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing infringements of the Patent via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other

listings and images of goods bearing infringements of the Plaintiff's Patents associated with and/or linked to the same sellers or linked to any other alias seller identify cation names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing infringements of the Plaintiff's Patents.

E.      Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

F.      Entry of a judgment and award that Defendants account for and pay to Plaintiff damages adequate to compensate for Defendants' infringements of the Plaintiff's Patents, including lost profits but in no event less than a reasonable royalty.

G.      Entry of a judgement and award of Defendants' total profits in an amount subject to proof at trial, pursuant to 35 U.S.C. § 289.

H.      Entry of an Order finding that Defendants' infringement was willful and an award of increased damages for willful infringement, pursuant to 35 U.S.C § 284.

I.      Entry of an Order finding this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiff its costs, expenses and disbursements incurred in this action, including reasonable attorney's fees as available by law to be paid by Defendants.

     J.       Entry of an award of prejudgment interest on the judgment amount.

     K.      Entry of an Order for such other and further relief as the Court may deem just and proper.

Respectfully submitted on this 28th day of December, 2023.

**LAW FIRM OF RUBIO & ASSOCIATES, P.A.**
Attorneys for Plaintiffs
8950 SW 74 Ct., Suite 1804
Miami, Fl 33156
Telephone: (786) 220-2061
Facsimile: (786) 220-2062
Email: hrubio@rubiolegal.com
Email: frubio@rubiolegal.com
Email: info@rubiolegal.com


By:*/s/ Humberto Rubio*
Humberto Rubio, Jr., Esq.
Florida Bar No. 36433
Felipe Rubio, Esq.
Florida Bar No. 123059