UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 23-cv-24366-BLOOM/Torres

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

    Defendants.
_____/

## **SEALED ORDER GRANTING *EX PARTE* MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's *Ex-Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, ECF No. [11] ("Motion"). Plaintiff, MARVEL TECHNOLOGY (CHINA) CO., LIMITED ("Plaintiff") moves, *ex parte*, for entry of a temporary restraining order ("TRO") against Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Amended Complaint (collectively, "Defendants"), and an order restraining the financial accounts used by Defendants pursuant to 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted.

**I. BACKGROUND**

On November 15, 2023, Plaintiff MARVEL TECHNOLOGY (CHINA) CO.,

LIMITED ("Plaintiff") filed the present action for patent infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, using Plaintiff's federally registered patents in violation of federal patent law. *See generally* ECF No. [8] ("Amended Complaint").

Plaintiff owns (1) Utility Patent, No. US 11,719,380 for a high-stability 360-degree photo booth (the "380 Patent"); (2) Utility Patent, No. US 11,720,000 for a 360-degree camera device having an atmosphere lamp (the "000 Patent"); and (3) Design Patent, No. US D976,993 S, for a camera platform (the "993 Patent") (collectively hereinafter "Plaintiff's Patents" or "360 Patents"). Plaintiff's Patents have been registered with the United States Patent and Trademark Office ("USPTO") and are protected from infringement under federal patent law. *See* ECF Nos. [8-1] – [8-3]. Plaintiff demonstrated it is the owner of Plaintiff's Patents by submitting copies of (1) Utility Patent: No. US 11,719,380 B1, Date: August 8, 2023; (2) Utility Patent No. US 11,720,000 B1, Date: August 8, 2023; and (3) Design Patent No. US D976,993 S, Date: January 31, 2023. *See id.*; *see also* ECF No. [9].

Plaintiff is the owner of all rights, title, and interest to the Plaintiff's Patent which have been used in connection with the manufacturing, advertising, offer for sale and/or sale of Plaintiff's 360 degree photographing platforms. ECF No. [9] ¶ 6. Plaintiff advertises, offers for sale and sells the 360 degree photographing platforms embodied and depicted in Plaintiff's Patents in authorized e-commerce stores such as Amazon, Walmart, and Ebay *Id*. Plaintiff has expended time, money and other resources developing, advertising and otherwise promoting the Plaintiff's Patents. *Id*. ¶ 8. Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods embodying the Plaintiff's Patents. *Id*. ¶¶ 9, 21.

Without Plaintiff's permission or license, Defendants are manufacturing, promoting,

selling, reproducing, offering for sale, and/or distributing goods using Plaintiff's Patents within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. *See* ECF No. [8-4] ("Schedule A"); *see also* ECF No. [9] ¶¶ 11-16.

A simple comparison of Defendants' infringing goods with Plaintiff's Patents shows Defendants' blatant infringement of Plaintiff's exclusive patent as the images of Defendants' infringing goods embody Plaintiff's Patents. *Compare* ECF Nos. [8-1] – [8-3] *with* ECF Nos. [10-1] – [10-2] (screenshots of Defendants' products on their e-commerce stores); *see also* ECF No. [9] ¶¶ 11-16; ECF No. [10] ¶ 5.

## II.   LEGAL STANDARD

The Supreme Court has held that in patent disputes, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity" *ebay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). Furthermore, the Patent Act provides that courts may grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement. *Id.* at 392 (quoting 35 U.S.C. § 283). The Patent Act also states that "patents shall have the attributes of personal property," including "the right to exclude others from making, using, offering for sale, or selling the invention." *Id.* (quoting 35 U.S.C. § 261).

In a patent case, in order to obtain a preliminary injunction, a party must demonstrate: (1) a substantial likelihood of the patentee's success on the merits, (2) irreparable harm if the injunction were not granted, (3) the balance of hardships between the parties, and (4) that granting the injunction would not disserve the public interest. *Suntrust Bank v. Houghton Mifflin Company,*

268 F.3d 1257, 1265 (11th Cir. 2001); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (affirming entry of preliminary injunction and freezing of assets relying on affidavits and hearsay materials). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.,* 415 U.S. 423, 439 (1974).

## III.   DISCUSSION

Based on the declarations submitted in support of Plaintiff's Motion, the Court concludes that Plaintiff has a strong probability of proving at trial that the products Defendants are selling and promoting for sale constitute unauthorized uses of Plaintiff's Patents. Because of the infringement of Plaintiff's Patents, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted.

The following specific facts, as set forth in Plaintiff's Amended Complaint, Motion for Temporary Restraining Order, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

1. Defendants own or control Internet based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing infringing products in

      violation of Plaintiff's rights.

2. There is good cause to believe that more infringing products embodying Plaintiff's Patents will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the quality of these products; and

3. There is good cause to believe that if Plaintiff proceeds on notice to Defendants of this Application for Temporary Restraining Order, Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs thereby thwarting Plaintiff's ability to obtain meaningful relief.

    The balance of potential harm to Defendants in restraining their trade in infringing goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, and its reputation as the owner of Plaintiff's Patents. The public interest favors issuance of the temporary restraining order to protect Plaintiff's interests in its patents, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods.

    Further, Plaintiff may be entitled to recover, as an equitable remedy, damages as provided by 35 U.S.C. § 289 and 35 U.S.C § 284. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

    In light of the inherently deceptive nature of the infringing business, and the likelihood that the Defendants have violated federal patent laws, the Plaintiff has good reason to believe the

Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [11]**, is **GRANTED**, and a Temporary Restraining Order is issued under the terms set forth below:

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of Defendants having notice of this Order are temporarily restrained as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products embodying the Plaintiff's Patents; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, embodying Plaintiff's Patents; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products embodying Plaintiff's Patents; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of Defendants, including, but not limited to, any assets held by or on behalf of any of Defendants.

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further order of this Court, the use of

any unauthorized copies of Plaintiff's Patents on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This order is limited to Defendants' listings using Plaintiff's Patents, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to Defendants' entire e-commerce stores.

3. Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

4. Upon receipt of notice of this Order, Defendants and any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any Defendant, including but not limited to, Amazon, Amazon Pay, Walmart, Paypal, Ebay, and their related companies and affiliates (collectively, the "Third Party Providers"), shall within five (5) business days after receipt of notice of this Order:

   a. Restrain the transfer of all funds, as opposed to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.

    b. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

    c. Provide Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) the identity and location of the Defendants identified in Schedule "A," including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

5. Any Defendant or Third-Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

6. In addition to other methods authorized by law, the Plaintiff may provide notice of these proceedings to third parties by delivery of this Order and other relevant documents to the following Online Marketplace platforms, Financial Institutions and/or Third-Party Service Providers at the following addresses:

    a. Amazon at legal@amazon.com and registrar-abuse@amazon.com
    b. PayPal, attention EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;
    c. Alipay, attention Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;
    d. Alibaba, attention Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he @alibaba-inc.com;

  e. DHgate (including DHPay.com) at Patrol@dhgate.com;
  f. Payoneer, VP of Operations at VPOperations@Payoneer.com and/or
  g. Melissa Godwin, Legal Counsel, at melissa.godwin@us.dlapiper.com;
  h. Walmart, legal@walmart.com;
  i. Ebay, tros@ebay.com;

7. The Clerk of the Court is directed to issue a single original summons in the name of "360Scope and all other Defendants identified in Schedule 'A' of the Amended Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the Plaintiff's Patents at issue in this action and/or unfairly competing with Plaintiff.

9. This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated by the parties.

10. Pursuant to Federal Rule of Civil Procedure 65(c), the Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

Case No. 23-cv-24366-BLOOM/Torres

11. After the Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, the Plaintiff shall serve copies of the Amended Complaint, Application for Temporary Restraining Order, and this Order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the Internet based e-commerce stores operating under the respective Seller IDs or by providing a copy of this Order by email to the marketplace platforms for each of the Seller IDs so that the registrar, or marketplace platform, in turn, notifies each of the Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

12. Plaintiff shall post copies of the Amended Complaint, Application for Temporary Restraining Order, and this Order, as well as all other documents filed in this action on the website located at http://tinyurl.com/24366UPDP and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. The Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to the Defendants by regularly updating the website located at http://tinyurl.com/24366UPDP or by other means reasonably calculated to give notice which is permitted by the Court.

13. Defendants shall have five (5) business days to comply with this temporary restraining order following notice.

14. A **hearing** is set before this Court via **Zoom teleconference** on **January 16, 2024, at 9:00 a.m.**, at which time the Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which

Case No. 23-cv-24366-BLOOM/Torres

time the Court will hear argument on Plaintiff's requested preliminary injunction. The Zoom hyperlink is:

**https://www.zoomgov.com/j/16191705654?pwd=WmlmK0RpelQ5bUZhdTVGM3RUMHZoUT09. Alternatively, the Zoom Meeting ID is: 161 9170 5654; and the Passcode is: 692150.**

15. Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 35 U.S.C. § 283; Fed. R. Civ. P. 65, The All-Writs Act, 28 U.S.C. § 1651(a); and this Court's inherent authority.

16. The above dates may be revised only upon approval of this Court.

17. The Clerk shall file this Order under seal until further order of the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 2, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record