UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 23-cv-24366-BLOOM/Torres

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION
FOR ENTRY OF PRELIMINARY INJUNCTION**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of a Preliminary Injunction ("Motion"), ECF No. [11]. Plaintiff, MARVEL TECHNOLOGY (CHINA) CO., LIMITED ("Plaintiff") moves for the entry of a preliminary injunction against the Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Amended Complaint (collectively "Defendants").

Plaintiff moves for entry of a preliminary injunction against Defendants for alleged violations of copyright infringement under 17 U.S.C. § 501, as authorized by 17 U.S.C §§ 502, 503 and the All Writs Act, 28 U.S.C. § 1651(a). The Court held a hearing by video conference on January 30, 2024, which was attended by counsel for Plaintiff as well as counsel for Defendants identified on Schedule "A" to the Amended Complaint numbered 2, 4, 6, 11, 15, 17, and 24. During the hearing, Plaintiff directed the Court to evidence supporting the Motion. Counsel for Defendants numbered 2, 4, 6, 11, 15, 17, and 24 on Schedule "A" to the Amended Complaint represented that

he had no basis for opposing the Motion. No other Defendants remaining in the case formally responded to the Motion.

The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. Because Plaintiffs have satisfied the requirements for the issuance of a preliminary injunction, the Motion, **ECF No. [11]**, is **GRANTED**.

## I.  BACKGROUND

On November 15, 2023, Plaintiff filed the present action for patent infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, using Plaintiff's federally registered patents in violation of federal patent law. ECF No. [8].

Plaintiff owns (1) Utility Patent, No. US 11,719,380 for a high-stability 360-degree photo booth (the "380 Patent"); (2) Utility Patent, No. US 11,720,000 for a 360-degree camera device having an atmosphere lamp (the "000 Patent"); and (3) Design Patent, No. US D976,993 S, for a camera platform (the "993 Patent") (collectively hereinafter "Plaintiff's Patents" or "360 Patents"). Plaintiff's Patents have been registered with the United States Patent and Trademark Office ("USPTO") and are protected from infringement under federal patent law. *See* ECF Nos. [8-1] – [8-3]. Plaintiff demonstrated he is the owner of Plaintiff's Patents by submitting copies of (1) Utility Patent: No. US 11,719,380 B1, Date: August 8, 2023; (2) Utility Patent No. US 11,720,000 B1, Date: August 8, 2023; and (3) Design Patent No. US D976,993 S, Date: January 31, 2023. *See* ECF Nos. [8-1] – [8-3]; *see also* ECF No. 9 ¶ 5.

Plaintiff is the owner of all rights, title, and interest to the Plaintiff's Patent which have been used in connection with the manufacturing, advertising, offer for sale or sale of Plaintiff's 360 degree photographing platforms. ECF No. [9] ¶ 6.  Plaintiff advertises, offers for sale and sells the 360 degree photographing platforms embodied and depicted in Plaintiff's Patents in authorized

e-commerce stores such as Amazon, Walmart, and Ebay *Id*. Plaintiff has expended time, money and other resources developing, advertising and otherwise promoting the Plaintiff's Patents. *Id*. at ¶ 8. Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods embodying the Plaintiff's Patents. *Id*. at ¶¶ 9, 21.

Without Plaintiff's permission or license, Defendants are manufacturing, promoting, selling, reproducing, offering for sale, and/or distributing goods using Plaintiff's Patents within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. *See* "Schedule A", ECF No. [8-4]; *see also* ECF No. [9] ¶¶ 11-16.

A simple comparison of Defendants' infringing goods with Plaintiff's Patents shows Defendants' blatant infringement of Plaintiff's exclusive patent as the images of Defendants' infringing goods embody Plaintiff's Patents. *Compare* ECF Nos. [8-1] – [8-3] (Plaintiff's Patents) *with* ECF Nos. [10-1], [10-2] (screenshots of Defendants' products on their e-commerce stores). *See also* ECF No. [10] ¶ 5; ECF No. [9] ¶¶ 11-16.

On December 28, 2023, Plaintiff filed its *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, ECF No. [11]. On January 3, 2024, this Court entered a Temporary Restraining Order and temporarily restrained Defendants from infringing the patents at issue, ECF No. [16]. After a hearing on the Preliminary Injunction on January 30, 2024, the Court now addresses Plaintiffs' Motion for a Preliminary Injunction.

## II.   LEGAL STANDARD

The Supreme Court has held that in patent disputes, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion

must be exercised consistent with traditional principles of equity" *ebay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). Furthermore, the Patent Act provides that courts may grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement. *Id.* at 392 (quoting 35 U.S.C. § 283). The Patent Act also states that "patents shall have the attributes of personal property," including "the right to exclude others from making, using, offering for sale, or selling the invention." *Id.* (quoting 35 U.S.C. § 261).

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

### III. DISCUSSION

The declarations Plaintiff submitted in support of its Motion support the following conclusions of law:

1. The Plaintiff has a strong probability of proving at trial that the products Defendants are selling and promoting for sale contain unauthorized reproductions and or copies of Plaintiff's Patent.

2. Because of the infringement of Plaintiff's Patent, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction order is not granted. The following specific facts, as set forth in the Amended Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff unless Plaintiff's request is granted: (a) The Defendants own or control Internet based e-commerce stores and websites which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing products in violation of the Plaintiff's rights; (b) There is good cause to believe that

more infringing products bearing Plaintiff's Patented design will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the quality of these products.

3. The balance of potential harm to Defendants in restraining their trade in infringing goods if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, and its reputation as the owner of Plaintiff's Patent.

4. The public interest favors issuance of the preliminary injunction to protect the Plaintiff's Patent interests, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods.

5. The Plaintiff may be entitled to recover damages as provided by 35 U.S.C. § 289, 35 U.S.C § 284.

6. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

7. In light of the inherently deceptive nature of the infringing business, and the likelihood that the Defendants have violated federal patent laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651(a), and the Court's inherent authority, Plaintiffs' Motion, **ECF No. [11],** is **GRANTED** and a preliminary injunction is entered against the Defendants identified in Schedule "A".

Case No. 23-cv-24366-BLOOM/Torres

The **PRELIMINARY INJUNCTION** is granted as follows:

1. Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are temporarily enjoined and restrained as follows:

>  (a) From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products which reproduce or copy Plaintiff's Patent; and

> (b)  From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, which consist of copy or counterfeit of the Plaintiff's Patent; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products which consist of, contain or copy the Plaintiff's Patent; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

2. Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of any unauthorized copies of the Plaintiff's Patent on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

3. Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

4. Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, AliExpress, Alipay, Amazon, Amazon Pay, Walmart, Paypal, Temu and shein and their related companies and affiliates (collectively, the "Third Party Providers"), shall after receipt of notice of this Order, restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose—other than pursuant to a chargeback made pursuant to their security interest in the funds—without the express authorization of this Court.

5. The Third Party Providers must continue to provide the Plaintiff information regarding the (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

6. Any Defendant or Third Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

7. This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial

accounts which are being used by Defendants for the purpose of infringing the Plaintiff's Patent at issue in this action and/or unfairly competing with Plaintiff.

8. This Order shall remain in effect during the pendency of this action, or until such further dates as set by the Court or stipulated to by the parties.

9. The Court determines that the bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) posted by Plaintiff as evidenced by Plaintiff's Notice, ECF No. [25], is sufficient and shall remain with the Court until a final disposition or until this preliminary injunction is dissolved or terminated or until further Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 30, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record