UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-cv-24366-BLOOM/Torres

MARVEL TECHNOLOGY (CHINA) CO. LIMITED,

        Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

        Defendants

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, TYTY USA (Doe 5 in the Schedule A of the Amended Complaint [DE 8]), Rez LLC (Doe 30), Achha 360 Photo Booth Store (Doe 52), AchhaGo (Doe 28) and health-ro-booter (Doe 104), by and though the counsel undersigned, answer to the Amended Complaint [DE 8] and state as follows:

### INTRODUCTION

1. No answer is needed. If an answer is needed, denied.

2. No answer is needed. If an answer is needed, denied.

3. Denied.

4. Denied.

5. Denied.

### PARTIES

6. No answer is needed. If an answer is needed, denied.

7. Denied. Plaintiff's all patents are invalid.

8. Admitted in part. Defendants are entities in China. Denied the rest.

9. Admitted in part. Defendants used the platforms of Amazon, Walmart, and eBay to sell their products. Denied the rest.

10. Admitted in part. Defendants produced and distributed product from foreign jurisdictions and shipped to the U.S. for sale. Denied the rest.

11. No answer is needed as lack of information to the rest Defendants. If any answer is needed to the Defendants, denied.

12. Denied.

13. Denied.

14. Denied.

## JURIDICTION

15. Admitted.

16. Admitted.

17. Admitted.

## GENERAL ALLEGATIONS

18. Denied.

19. No answer is needed. If an answer is needed, denied as all the patents are invalid.

20. Denied. All the patents are invalid.

21. No answer is needed. If an answer is needed, such provision of information has no relation-ship with Defendants' products as Defendants produced their products based on their own patent or the patent(s) they were authorized to utilize.

22. Denied. Defendants produced their products based on their own patent or the patent(s) they were authorized to utilize.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied. Defendants produced their products based on their own patent or the patent(s) they were authorized to utilize.

28. Denied. Defendants produced their products based on their own patent or the patent(s) they were authorized to utilize.

29. Denied. Defendants produced their products based on their own patent or the patent(s) they were authorized to utilize.

30. Admitted in part that Defendants used payment and financial accounts to accept, receive and deposit profits, debited the rest. Defendants sold their products based on their own patent or the patent(s) they were authorized to utilize.

31. Admitted in part. Defendants used their own authorized patent produce and sell the products. Denied the rest.

32. Denied.

33. Denied.

34. Denied.

### COUNT I - INFRINGEMENT OF US PATENT

35. No answer is needed.

36. Denied.

37. Denied. All the patents are invalid.

38. Denied.

39. Denied. Defendants used their own authorized patent produce and sell the products.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense - On-Sale Bar

50. The allegedly patented products were on public sales more than one year prior to the application of the patents at issue.

### Second Affirmative Defense - Lack of Novelty

51. The alleged invention was already known or used by others before the patent applications as mentioned in ¶ 2 of the Amended Complaint [DE 8] were filed.

### Third Affirmative Defense - Invalid Patents for Failure to Disclose Prior Arts

52. Furthermore, Plaintiff failed to disclose the material prior art that was patented by Defendants and/or their owner with US Design Patent No. US D958,222 S.

### Fourth Affirmative Defense - Invalid Patent for Prior Publication

53. The allegedly patents listed in ¶ 2 of the Amended Complaint [DE 8] were in the official publication in China more than one year prior to the alleged patent.

### Fifth Affirmative Defense: Non-Infringement

54. Defendants did not infringe the utility patent as shown in Exhibit 1 of the Amended Complaint [DE 8], as Defendants did not use such design.

### Sixth Affirmative Defense: Obviousness

55. In view of Defendants' Patent No. US D958,222 S, it is obvious that Plaintiff copied Defendants' patent. *See* 35 U.S.C. §§ 102 and 103.

Dated: February 28, 2024

/s/ Jianyin Liu
Jianyin Liu, Esq.
1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188

### CERTIFICATE OF SERVICE

I certify that this document has been served to all parties on record via CM/ECF on this February 28, 2024.

/s/ Jianyin Liu

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-cv-24366-BLOOM/Torres

| | |
|---|---|
| TYTY USA, Rez LLC, Achha 360 Photo Booth Store, AchhaGo and health-robooter, | |
| Counter-Plaintiff, | |
| v. | |
| MARVEL TECHNOLOGY (CHINA) CO. LIMITED | |
| Counter-Defendant | |

## COUNTERCLAIM

Counter-Plaintiffs, TYTY USA (Doe 5 in the Schedule A of the Amended Complaint [DE 8]), Rez LLC (Doe 30), Achha 360 Photo Booth Store (Doe 52), AchhaGo (Doe 28) and health-robooter (Doe 104), collectively referred to as "Counter-Plaintiffs" hereafter, by and though the counsel undersigned, hereby sued Plaintiff MARVEL TECHNOLOGY (CHINA) CO. LIMITED ("Plaintiff" hereafter) and state as follows:

### JURISDICTION AND VENUE

1. This Counterclaim is filed pursuant to Fed. Civ. P. Rule 13. Counterclaim and Crossclaim (a) and/or (b), as it is against the Plaintiff/Counter-Defendant in the instant case.

2. Also, this Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1338(a), which grants district courts original jurisdiction over all civil actions arising under any Act of Congress relating to patents.

3. This Court has supplemental jurisdiction under 28 U.S. Code § 1367 for the negligence claim.

## PARTIES

4. Counter-Plaintiffs are the owners of stores on e-commerce platforms of Amazon, Walmart and eBay.

5. Counter-Plaintiffs are the owners and/or the authorized users of the patent that was registered in the U.S. with U.S. Design Patent No. US D958,222 S.

## INTRODUCTIONS

6. Counter-Plaintiffs files this counterclaim against Plaintiff pursuant to 35 U.S.C. §§ 102 and. 103.

## Design Patent US D958,222 S

7. Defendants and/or their owners are the patentee and/or the authorized used of US Design Patent No. US D958,222 S ('222 Patent hereafter). *See* Exhibit A for a copy of the patent.

8. '222 Patent was approved by USPTO on Jul. 19, 2022 to Xing Fan, owner of Chengdu Tops Technology Co., Ltd.

9. Chengdu Tops Technology Co., Ltd. ("Tops Tech") is the owner of Defendant TYTY USA and Rez LLC.

10. Tops Tech, after being approved the application of the patent '222, authorized Achha 360 Photo Booth Store, AchhaGo and health-robooter to use their '222 Patent for production of products.

11. Counter-Defendant filed its application to USPTO its design patent US Design Patent No. US D976,993 S ('993 Patent) on Oct. 28, 2022, which was approved by USPTO on Jan. 31, 2023, without disclosing '222 Patent as prior art. *See* Exhibit 3 of the Amended Complaint, ECF No. 8-3.

12. '993 Patent was almost identical to '222 Patent.

13. Tops Tech also registered its design patent in China for the 360 degree photo booth with Design Patent No. CN 307120085 S ('0085 CN Patent) with approval date Feb. 18, 2022.

14. This patent was published on official website of National Intellectual Property Bureau of the People's Republic of China.

### Utility Patents

15. On Jan. 28, 2022, Tops Tech had been approved by IP Bureau of the People's Republic of China the registration of its utility patent of 360 degree photo booth with the structure and utility almost identical to Counter-Defendant's US 11,719,380 B1 ('380 Patent hereafter, *see* Exhibit 1 of the Amended Complaint, ECF No. 8-1, applied on Oct. 28, 2022 and approved Aug. 8, 2023) and US 11,720,000 B1 ('000 Patent). *See* Exhibit 2 of the Amended Complaint, ECF No. 8-2, approved on Aug. 8, 2023, applied on Jan. 19, 2023.

### COUNT I - DECLARATORY JUDGMENT OF PATENT INVALIDITY OF US D976,993 S PATENT

16. Counter-Plaintiffs incorporated ¶¶ 1-15 to this Count, as if they are re-stated herein.

17. Counter-Defendant's '993 Patent is invalid because it failed to disclose '222 Patent as prior art, as '222 Patent is almost identical to '993 Patent.

18. When '993 Patent was filed for application on Aug. 1, 2022, '222 Patent was already approved and registered by USPTO on Jul. 19, 2022. However, Plaintiff failed to disclose it at the time of filing its application. *See* Exhibit A, '222 Patent.

19. In addition, '993 Patent lacks novelty because it added a circular metal holder on the top of the pole as compared to '222 Patent, and added two short bars in the middle of the pole as shown in '222 Patent.

20. '993 Patent is also barred by public sale as Tops Tech already started selling such same products on [alibaba.com](alibaba.com) from Jan. 11, 2021, more than one year prior to the application of '993 Patent.

21. '993 Patent would have been obvious to a person of ordinary skill in the art at the time the invention was made because the added bars and/or circular metal holder is evidently not patentable elements of the '993 Patent.

22. For the foregoing reasons, Counterclaimant requests that this Court enter a judgment declaring that the '993 Patent is invalid and unenforceable.

### COUNT II - DECLARATORY JUDGMENT OF PATENT INVALIDITY OF PATENT US11,720,000 B1 ('000 Patent) AND US 11,719,380 B1 ('380 Patent)

23. Counter-Plaintiffs incorporated ¶¶ 1-15 to this Count, as if they are re-stated herein.

24. Counter-Defendant's '000 Patent and '380 Patent are both invalid because it is barred by prior sale.

25. '000 Patent was filed on Jan. 19, 2023, and '380 Patent was filed on Oct. 28, 2022.

26. However, Tops Tech started selling this same products back to Jan. 11, 2021 on [alibaba.com](alibaba.com) , more than one year prior to the filing date of '000 Patent and '380 Patent.

27. Tops Tech's started selling the same product on [amazon.com](amazon.com) as early as Nov. 19, 2021, more than one year prior to the filing date of '000 Patent.

28. For the foregoing reasons, Counterclaimant requests that this Court enter a judgment declaring that the '000 Patent and '380 Patent are invalid and unenforceable.

## COUNT III - NEGLIGENCE

29. Counter-Plaintiffs incorporated ¶¶ 1-15 to this Count, as if they are re-stated herein.

30. Counter-Defendant had an obligation to check the validity of its patents before filing a suit against Counter-Plaintiffs in this Court.

31. However, Counter-Defendant failed to fulfill their duty to check prior sales, prior publications and the prior arts already registered as patent in USPTO and sued Counter-Plaintiffs.

32. But for Counter-Defendant's reckless behaviors, Counter-Plaintiffs' funds in the online stores in Amazon, Walmart and eBay would not have been temporarily frozen due to Counter-Defendant's reckless behavior of filing a motion for temporary restraining order (TRO).

33. It is foreseeable that if Counter-Defendant filed a lawsuit, it would seek a TRO that would freeze the funds of the stored of Counter-Plaintiffs, which would stop the listing of the products and the withdrawal of the funds held by the platforms, which most likely the Court would grant it as an ex parte motion.

34. Counter-Plaintiff suffered a damage of suspended sales, frozen funds, disruption of operations of the stores on the online platforms.

## Jury Demand

35. Counter-Defendants hereby demand a trial by jury on all issues so triable.

Dated: February 28, 2024

/s/ Jianyin Liu

Jianyin Liu, Esq.
1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188

**CERTIFICATE OF SERVICE**

I certify that this document has been served to all parties on record via CM/ECF on this February 28, 2024.

/s/ Jianyin Liu