UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24366-BLOOM/Torres

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

    Defendants.
_____/

## ORDER DENYING MOTION TO DISSOLVE PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Defendants KMT-USA, Foncusun USA, 360Scope, MBOBAO-US, Froectry USA, and FEMOORER's ("Defendants")[1] Motion to Dissolve Preliminary Injunction, ECF No. [67]. Plaintiff Marvel Technology Co. Ltd. filed a Response in Opposition, ECF No. [91], to which Defendants filed a Reply, ECF No. [101]. The Court has reviewed the Motion, the supporting and opposing submissions,[2] the record in this case, and the applicable law, and is otherwise fully advised. For the following reasons, the Motion is denied.

**I. BACKGROUND**

On November 15, 2023, Plaintiff filed the present action for patent infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying, and soliciting for sale, using Plaintiff's federally registered patents, in violation

---

[1] Defendants are respectively numbered 13, 9, 1, 14, 10, and 8 on Schedule "A" to the Amended Complaint. *See* ECF No. [125].
[2] The Court granted Plaintiff leave to file a Sur-Reply, ECF No. [107]. *See* ECF No. [106].

of federal patent law. *See generally* ECF No. [1]. Plaintiff thereafter filed an Amended Complaint, ECF No. [8], asserting a patent infringement claim against Defendants under the Patent Act, 35 U.S.C. § 101 *et seq.*, and 35 U.S.C. § 271 and seeks monetary damages and injunctive relief. *Id.*

Plaintiff asserts Defendants infringed upon the following interrelated patents: (1) Utility Patent, No. US 11,719,380, for a high-stability 360-degree photo booth (the "380 Patent"); (2) Utility Patent, No. US 11,720,000, for a 360-degree camera device having an atmosphere lamp (the "000 Patent"); and (3) Design Patent, No. US D976,993 S, for a camera platform (the "993 Patent") (collectively "Plaintiff's Patents"). Plaintiff's Patents have been registered with the United States Patent and Trademark Office ("USPTO") and are protected from infringement under federal patent law. *See* ECF Nos. [8-1] – [8-3]. According to Plaintiff, Defendants are e-commerce store operators who knowingly sell exact copies of Plaintiff's protected goods or copies that incorporate at least one element of Plaintiff's Patents. ECF No. [8] ¶¶ 8, 18, 25.

On December 28, 2023, Plaintiff filed its *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, ECF No. [11] ("Motion for Preliminary Injunction").[3] On January 3, 2024, this Court entered a Temporary Restraining Order and restrained Defendants from infringing Plaintiff's Patents. ECF No. [16]. The Plaintiff properly provided notice to Defendants of the Temporary Restraining Order, the date of the hearing on the preliminary injunction, and filed the requisite bond. The Court thereafter held a preliminary injunction hearing by video conference on January 30, 2024, which was attended by counsel for Plaintiff as well as counsel for other named Defendants identified on Schedule "A" to

---

[3] This Court granted Plaintiff's Motion for Alternate Service of Process and Motion to Conduct Expedited Third-Party Discovery on January 3, 2024. *See* ECF Nos. [14], [15].

the Amended Complaint numbered 2, 4, 6, 11, 15, 17, and 24. *See* ECF No. [27]. Defendants did not appear at the hearing, nor did they respond to the Motion for Preliminary Injunction.[4]

During the hearing, Plaintiff directed the Court to evidence supporting its Motion for Preliminary Injunction. *See* ECF No. [27]. The Court granted Plaintiff's Motion for Preliminary Injunction for the reasons stated on the record and issued a written Order on January 30, 2024. ECF No. [30] ("Order"). Relevant here, the Court's Order found the following: (1) Plaintiff has a strong probability of proving at trial that Defendants sell or sold unauthorized reproductions of Plaintiff's patented designs; (2) Plaintiff is likely to suffer irreparable injury if a preliminary injunction is not granted because Defendants own e-commerce stores that sell infringing products; (3) the potential harm to Plaintiff far outweighs the potential harm suffered by Defendants; (4) the public interest favors respect for the law and protecting valid patents from being defrauded by the illegal sale of infringing goods; and (5) Defendants are likely to hide or transfer their ill-gotten gains if those assets are not restrained. *Id.* at 4-5.

Defendants filed the instant Motion on March 28, 2024. Defendants argue the Court should dissolve its Preliminary Injunction because (1) Defendants did not infringe upon Plaintiff's Patents; (2) Plaintiff's Patents are invalid or highly likely to be invalid; (3) Plaintiff fails to show the Preliminary Injunction is needed to prevent irreparable harm; (4) the balance of harms tips in favor dissolving the Preliminary Injunction; and (5) dissolving the Preliminary Injunction serves the public interest. Alternatively, Defendants argue Plaintiff should post an increased bond of at least $1,000,000.00.

Plaintiff responds that Defendants' Motion is untimely because the Preliminary Injunction was entered nearly two months before Defendants filed their Motion, and Defendants failed to

---

[4] Counsel for Defendants numbered 2, 4, 6, 11, 15, 17, and 24 on Schedule "A" to the Amended Complaint represented that he had no basis for opposing the Motion.

appear at the hearing or previously oppose this relief. Plaintiff argues the Motion should be denied because Defendants do not show a change in circumstances since the Preliminary Injunction was entered that justifies its modification. Instead, Defendants belatedly offer evidence that was available at the time of the Preliminary Injunction hearing.[5]

Defendants reply that their new evidence constitutes a change in circumstances warranting the dissolution of the Preliminary Injunction. Plaintiff argues in its Sur-Reply that Defendants' "change in circumstances" argument should be disregarded because it was raised for the first time in reply. Further, Plaintiff argues this evidence was available and the time of the hearing and thus fails to show a change in circumstances justifying this relief.

## II.  LEGAL STANDARD

"Under Rule 60 of the Federal Rules of Civil Procedure, '[a] district court has continuing jurisdiction over a preliminary injunction and may relieve a party from obligations determined by the decree if it is no longer equitable.'" *VPR Brands, LP v. Shenzhen Weiboli Tech. Co.* LTD, 2023 WL 3600666, at *2 (S.D. Fla. Apr. 19, 2023) (quoting *Atlanta J. & Const. v. City of Atlanta Dep't of Aviation*, 6 F. Supp. 2d 1359, 1364 (N.D. Ga. 1998) (alterations accepted)). The party seeking to dissolve a preliminary injunction bears the burden to "show a change in circumstances that justifies the relief requested." *CWI, Inc. v. LDRV Holdings Corp.*, No. 13-CV-93-T-35, 2013 WL 12123229, at *2 (M.D. Fla. Oct. 16, 2013) (citing *Hodge v. Dep't of Hous. & Urb. Dev., Hous. Div., Dade Cnty., Fla.*, 862 F.2d 859, 861-62 (11th Cir. 1989)).

"Modification of an injunction is proper only when there has been a change of circumstances between entry of the injunction and the filing of the motion that would render the

---

[5] On the merits, Plaintiff argues Defendants apply the incorrect standard to determine whether they infringed upon Plaintiff's Patents, Defendants infringed upon Plaintiff's Patents, Defendants' patents cannot be considered prior art, and the balance of harms and public interest supports the Preliminary Injunction remaining in place. Plaintiff also argues Defendants fail to provide a basis for increasing the posted bond.

Case 1:23-cv-24366-BB   Document 126   Entered on FLSD Docket 07/26/2024   Page 5 of 9

Case No. 23-cv-24366-BLOOM/Torres

continuance of the injunction in its original form inequitable." *Id.* (quoting *Favia v. Indiana Univ. of Pennsylvania*, 7 F.3d 332, 337 (3d Cir. 1993)); *see also In re Consol. Non-Filing Ins. Fee Litig.*, 431 Fed. App'x 835, 839 (11th Cir. 2011) ("[The] two prong test requires the moving party to establish, first, that a significant change in circumstances warrants revision of the decree and, second, that the proposed modification is suitably tailored to the changed circumstance."). A change in circumstances refers to a "significant change in either in factual conditions or in law." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992).

### III. DISCUSSION

As noted, the Court entered the Preliminary Injunction in this case on January 30, 2024. ECF No. [27]. Defendants failed to appear or oppose Plaintiff's request. Further, Defendants were properly served with the Plaintiff's Motion for Preliminary Injunction, ECF No. [11], and received notice of the hearing. *See* ECF Nos. [14], [16], [32]. Defendants do not argue otherwise.

Instead, Defendants contend the Preliminary Injunction must be dissolved because (1) Defendants did not infringe upon Plaintiff's patents; (2) Plaintiff's patents are invalid or highly likely to be invalid; (3) Plaintiff fails to show an injunction is needed to prevent irreparable harm; (4) the balance of harms tips in favor dissolving the Preliminary Injunction; and (5) dissolving the Preliminary Injunction serves the public interest. Plaintiff accurately observes Defendants bear the burden to establish "that a significant change in circumstances warrants revision" of the Preliminary Injunction. *In re Consol. Non-Filing Ins. Fee Litig.*, 431 Fed. App'x at 839; *see CWI, Inc.*, 2013 WL 12123229, at *2. To meet their burden, Defendants accordingly must show a "significant change in either in factual conditions or in law[]" that justifies dissolving the Preliminary Injunction. *Rufo*, 502 U.S. at 383.

The Court's inquiry is therefore limited to determining whether Defendants have demonstrated that a significant change in circumstances occurred since the Preliminary Injunction was entered. As Plaintiff correctly points out, the Motion fails to articulate any such change in circumstances, let alone demonstrate why the Preliminary Injunction should be dissolved.[6] Defendants' arguments regarding the validity of Plaintiff's Patents, whether those Patents were infringed by Defendants, the balance of harms, and the public interest fail to satisfy their burden that a change in circumstances has taken place. Those arguments address the merits of the Court's issuance of the Preliminary Injunction, which is procedurally improper because the Preliminary Injunction has already been entered.[7]

Defendants reply that the Motion *does* identify a change in circumstances, namely, new evidence demonstrating the Preliminary Injunction should be dissolved. For support, Defendants point to a Declaration filed in support of their Motion, ECF No. [67-10], as well as hyperlinks to YouTube videos and images. Plaintiff argues in its Sur-Reply that this argument should be ignored for being improperly raised in reply, and because all of Defendants' "new" evidence was available at the time of the preliminary injunction hearing.

As a threshold matter, the Court disagrees that Defendants' argument should be discounted for being raised for the first time in its Reply. The Court granted Plaintiff leave to file its Sur-Reply

---

[6] Defendants also cite Federal Rule of Civil Procedure 65(b)(4), but it is inapplicable in this context. Rule 65(b)(4) permits a party to "appear and move to dissolve or modify" a temporary restraining order that was issued without notice. *See* Fed. R. Civ. P. 65(b)(4). The rule therefore has no bearing on a preliminary injunction issued after the moving party provides notice and the court conducts a hearing. Rule 60 instead provides the proper vehicle for this relief by permitting courts to modify preliminary injunctions upon a showing of a significant change in circumstances. *See VPR Brands*, 2023 WL 3600666, at *2.

[7] Although Plaintiff is correct that the arguments raised in the Motion are procedurally improper, the Court disagrees this means Defendants' Motion is *untimely*. Under Rule 60, Defendants are required to move to dissolve the Preliminary Injunction "within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). Plaintiff provides no support for its position that the instant Motion is untimely because it was brought about two months after the Preliminary Injunction was entered. The Court finds the instant Motion is timely, as it was brought "within a reasonable time." *Id.* For the reasons discussed below, however, Defendants fail to show a change in circumstances that warrants dissolving the Preliminary Injunction in this case.

to cure any resulting prejudice to Plaintiff. Accordingly, while Plaintiff is correct that arguments raised for the first time in reply are typically discounted, there is no basis to do so here. The Court nonetheless agrees that Defendants fail to show a change in circumstances that justifies dissolving the Preliminary Injunction. Plaintiff correctly points out that the evidence Defendants rely on was available at the time of the preliminary injunction hearing. This evidence therefore does not—and cannot—show a "significant change in … factual conditions" occurred since the Preliminary Injunction was entered that justifies its dissolution. *Rufo*, 502 U.S. at 383. Moreover, Defendants provide no support for their position that "the subsequent reevaluation of the facts surrounding the case" constitutes a change in circumstances warranting the modification of the Preliminary Injunction. ECF No. [101] at 2-3.

Courts in this District have rejected near-identical arguments. In *VPR Brands*, for instance, the court denied the defendant's Rule 60 motion to dissolve the preliminary injunction based on new facts regarding a third party's trademark priority over the plaintiff. 2023 WL 3600666, at * 2. The court concluded the defendant failed to show dissolution was justified because the proffered evidence "shows that the circumstances as they stand now are materially no different than they were when the Court issued its [Preliminary Injunction] Order." *Id.*, at *3. Similar to the defendant in *VPR Brands*, Defendants' proffered evidence fails to show a significant change in circumstances has occurred since the Court entered the Preliminary Injunction. For example, Defendants present side-by-side picture comparisons of their products with Plaintiff's products as means of disproving their infringement. However, those images are not "new" and could have been provided at the preliminary injunction hearing. ECF No. [67] at 7, 8.

Defendants also point to the Declaration, which they contend provides "substantial insight[] into the preexistence of similar products on the market" before Plaintiff's patent

application dates. ECF No. [101] at 3. The Declaration provides testimony from Honghan Shi ("Shi"), who identifies himself as the "manager" of Defendant KMT-USA. ECF No. [67-10] ¶ 3. Aside from reiterating Defendants' position that their products are based on valid patents and do not infringe upon Plaintiff's Patents, however, Shi's testimony simply emphasizes the harms Defendant KMT-USA is suffering as a result of the Preliminary Injunction. *See id.* ¶¶ 6-14, 19-22. That testimony certainly could have been offered at the Preliminary Injunction hearing. More importantly, it also fails to articulate a change in factual circumstances since the Preliminary Injunction was entered that justifies its dissolution.

The Court concludes Defendants have failed to meet their burden to show a change in circumstances that justifies dissolving the Preliminary Injunction.[8] This finding adheres to the Eleventh Circuit's guidance that "[b]efore exercising its power to modify, a court must be convinced by the party seeking relief that existing conditions differ so substantially from those which precipitated the decree as to warrant judicial adjustment." *Hodge v. Dep't of Housing & Urban Dev., House. Div., Dade County, Fla.*, 862 F.2d 859 (11th Cir. 1989); *see also In re Consol. Non-Filing Ins. Fee Litig.*, 431 Fed. App'x 835, 841-42 (11th Cir. 2011) (affirming the denial of a Rule 60 motion to dissolve a consent decree because "there is simply no factual evidence that the circumstances have changed from the time [the parties] entered into the consent decree"). Consistent with *VPR Brands*, the Court accordingly rejects Defendants' "collateral[] attack" based on "evidence that existed—and could have been presented to the Court—well before" the Preliminary Injunction was entered. 2023 WL 3600666, at * 2.

---

[8] Defendants also fail to articulate a change in circumstances that shows Plaintiff should be required to post an increased bond. The Court declines to modify the amount of the posted bond in the absence of any such showing.

Case No. 23-cv-24366-BLOOM/Torres

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Defendants' Motion to Dissolve Preliminary Injunction, **ECF No. [67]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 25, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:    Counsel of Record