UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24366-BLOOM/Torres

XYZ CORPORATION,

Plaintiffs,

vs.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff Marvel Technology (China) Co., Ltd.'s Motion to Strike Defendants' Affirmative Defenses, ECF No. [80]. Defendants KMT-USA, Foncusun USA, 360Scope, MBOBAO-US, Froectry USA and FEMOORER ("Defendants")[1] filed a Response in Opposition, ECF No. [100], to which Plaintiff filed a Reply, ECF No. [104]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, the Motion is granted in part and denied in part.

**I. BACKGROUND**

On November 15, 2023, Plaintiff filed the present action for patent infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying, and soliciting for sale, using Plaintiff's federally registered patents, in violation

---

[1] Defendants are respectively numbered 13, 9, 1, 14, 10, and 8 on Schedule "A" to the Amended Complaint. *See* ECF No. [125].

of federal patent law. *See generally* ECF No. [1]. Plaintiff thereafter filed an Amended Complaint, ECF No. [8], asserting a patent infringement claim against Defendants under the Patent Act, 35 U.S.C. § 101 *et seq.*, and 35 U.S.C. § 271, seeking monetary damages and injunctive relief. *Id.*

The Amended Complaint alleges Defendants are infringing upon the following interrelated patents: (1) Utility Patent, No. US 11,719,380, for a high-stability 360-degree photo booth (the "380 Patent"); (2) Utility Patent, No. US 11,720,000, for a 360-degree camera device having an atmosphere lamp (the "000 Patent"); and (3) Design Patent, No. US D976,993 S, for a camera platform (the "993 Patent") (collectively "Plaintiff's Patents"). Plaintiff's Patents have been registered with the United States Patent and Trademark Office ("USPTO") and are protected from infringement under federal patent law. *See* ECF Nos. [8-1] – [8-3]. Plaintiff alleges Defendants deliberately infringed on Plaintiff's Patents by their unauthorized manufacture, importation, offer for sale, sale, and distribution of copies of Plaintiff's goods through Internet based e-commerce stores and interactive commercial Internet websites. ECF No. [8] ¶¶ 8, 18, 25.

On December 28, 2023, Plaintiff filed its *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, ECF No. [11] ("Motion for Preliminary Injunction").[2] The Court granted Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order and restrained Defendants from infringing upon Plaintiff's Patents on January 3rd, 2024, s*ee* ECF No. [16], and thereafter held a preliminary injunction hearing by video conference on January 30, 2023. *See* ECF No. [27]. The Court granted Plaintiff's Motion for Entry of Preliminary Injunction for the reasons stated on the record and issued a written Order. *See* ECF No. [30].

---

[2] The Court granted Plaintiff's Motion for Alternate Service of Process and Motion to Conduct Expedited Third-Party Discovery on January 3, 2024. *See* ECF Nos. [14], [15].

Case No. 23-cv-24366-BLOOM/Torres

Defendants filed an Answer to the Amended Complaint, ECF No. [42], on February 28, 2024.[3] Defendants' Answer asserts twelve affirmative defenses.[4] Plaintiff moves to strike each affirmative defense on the ground that it is either insufficiently pled, insufficient as a matter of law, or both. Defendants respond that the notice pleading standard applies to affirmative defenses, not the heightened *Iqbal/Twombly* standard. Defendants contend that their affirmative defenses are sufficiently pled because each affirmative defense provides Plaintiff sufficient notice. Plaintiff replies that Defendants' affirmative defenses fail under either pleading standard because they are either conclusory or insufficient as a matter of law.

## II.  LEGAL STANDARD

An affirmative defense is a defense that "admit[s] to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (citation omitted). Rule 12(f) of the Federal Rules of Civil Procedure permits district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Rosada v. John Wieland Homes & Neighborhoods, Inc.*, Case No. 09-cv-653-J-20, 2010 WL 1249841, at *3 (M.D. Fla. Mar. 25, 2010) (an affirmative defense may be stricken when "the defense is comprised of no more than bare-bones, conclusory allegations.") (quoting *Adams*, 294 F.R.D. at 671).

---

[3] Defendants' Answer was due on February 16th, 2024. *See* ECF No. [32].
[4] Defendants assert the following affirmative defenses: (1) Failure to State a Claim; (2) Waiver, Acquiescence, Estoppel, Ratification, Laches and/or Unclean Hands; (3) No Damages; (4) Failure to Mitigate Damages; (5) Noninfringement; (6) Noncompliance with 35 U.S.C. §§ 101, 102, 103 and/or 112; (7) Invalid/Void and/or Unenforceable Patents; (8) Noninfringement Under the Doctrine of Equivalents; (9) Good Faith; (10) Claim Barred by 35 U.S.C. §§ 286, 287; (11) Res Judicata and/or Collateral Estoppel; and (12) Reservation of right to amend affirmative defenses.

Case No. 23-cv-24366-BLOOM/Torres

Courts retain wide discretion when considering motions to strike and typically disfavor such motions. *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015). Accordingly, motions to strike affirmative defenses are usually denied "unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." *Id.* (citation omitted). However, affirmative defenses also may be stricken from the pleadings if they are "insufficient as a matter of law." *Northrop & Johnson Holding Co., Inc. v. Leahy*, Case No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (citing *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005)). An affirmative defense is insufficient as a matter of law when "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Authority,* 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

**III. DISCUSSION**

Plaintiff moves to strike each of Defendants' affirmative defenses because each is conclusory, insufficient as a matter of law, or both. Defendants respond that their affirmative defenses are properly pled because they provide Plaintiff sufficient notice of each asserted affirmative defense.

The Parties dispute which pleading standard applies to Defendants' affirmative defenses. Courts in this Circuit are split on the requisite pleading standard for affirmative defenses. *See, e.g.*, *Northrop*, 2017 WL 5632041, at *3 (applying the notice pleading standard to affirmative defenses); *Castillo v. Roche Lab'ys Inc.*, Case No. 10-cv-20876, 2010 WL 3027726, at *3 (S.D.

4

Case No. 23-cv-24366-BLOOM/Torres

Fla. Aug. 2, 2010) (applying the heightened *Iqbal/Twombly* pleading standard to affirmative defenses).

District courts that apply the heightened *Iqbal/Twombly* pleading require affirmative defenses to meet Rule 8(a)'s pleading requirements. *Castillo*, 2010 WL 3027726, at *1; *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). The factual allegations asserted in an affirmative defense accordingly "must be enough to raise the right to relief above the speculative level." *Castillo*, 2010 WL 3027726, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Conversely, courts that apply the less stringent notice pleading standard require affirmative defenses to only "provide fair notice of the nature of the defense and the grounds upon which it rests." *Northrop*, 2017 WL 5632041, at *2 (collecting cases). Under this standard, affirmative defenses are stricken when "the defense is comprised of no more than bare-bones, conclusory allegations" or is "insufficient as a matter of law." *Id.*, at *3 (quoting *Adams*, 294 F.R.D. at 671; *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, Case No. 07-cv-20608, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)).

Defendants argue that the correct standard to be applied is the notice pleading standard. Plaintiff argues that the correct standard to be applied is the heightened *Iqbal/Twombly* standard. The Court first addresses the pleading standard applicable to Defendants' affirmative defenses.

### A. Correct Standard for Pleading Affirmative Defenses

Plaintiff contends that to survive a motion to strike, Defendants' affirmative defenses accordingly must "raise a right to relief above the speculative level." *JP Morgan Chase Bank*, Case No. 3:11-cv-337, 2011 WL 2938467, at *2 (quoting *Twombly*, 550 U.S. at 555). For support, Plaintiff cites *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668 (S.D. Fla. 2013), *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. RRG*, Case No. 11-cv-61577, 2012 WL 5398625, (S.D. Fla.

5

Nov. 2, 2012), *aff'd sub nom. Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. RRG*, 522 F. App'x 696 (11th Cir. 2013), and *Adams v. JP Morgan Chase Bank*, Case No. 3:11-cv-337, 2011 WL 2938467 (M.D. Fla. July 11, 2011) and argues that affirmative defenses must satisfy the *Iqbal*/*Twombly* pleading standard. Plaintiff points out that the courts in each cited case applied this pleading standard to the affirmative defenses at issue. *Jumpstart Wireless Corp.*, 294 F.R.D. at 671; *Ocean's 11 Bar & Grill, Inc.*, 2012 WL 5398625, at *18; *JP Morgan Chase Bank*, Case No. 3:11-cv-337, 2011 WL 2938467, at *2.

Defendants respond that their affirmative defenses should be subject to the lesser notice pleading standard and *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1360 (M.D. Fla. 2008), *aff'd*, 306 F. App'x 471 (11th Cir. 2009) supports their position that they do not need to use elaborate factual detail when pleading an affirmative defense. Defendants argue that affirmative defenses may be pled in general terms so long as the defense provides the plaintiff fair notice.

While not cited by the parties, this Court has previously applied the notice pleading standard to affirmative defenses. In *Northrop & Johnson Holding Co., Inc. v. Leahy*, Case No. 16-cv-63008, 2017 WL 5632041 (S.D. Fla. Nov. 22, 2017), this Court determined that affirmative defenses must only "provide fair notice of the nature of the defense and the grounds upon which it rests." *Id.*, at *2. Moreover, this Court already evaluated the merits of prior case law that applied the heightened standard—including *JP Morgan Chase Bank*—and elected to apply this less stringent standard. *See id.*, at *2. As *Northrop* explains, "the difference in language between Rules 8(a) and Rule 8(b) is subtle but significant." *Id.* (quoting *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, * 2 (S.D. Fla. June 12, 2017)). "Stated more directly, the language

of Rule 8(a) requires the party to 'show' that they are entitled to relief, while Rule 8(b) does not." *Id.* (collecting cases).

Although Plaintiff cites to cases that elected to apply the heightened *Iqbal/Twombly* pleading standard, Plaintiff fails to persuade the Court that it should apply this standard. The Court adheres to its prior finding in *Northrop* in the absence of any such argument. Accordingly, the Court agrees with Defendants that the notice pleading standard applies to their affirmative defenses.

### B. Defendants' Affirmative Defenses

#### i. First Affirmative Defense – Failure to State a Claim

Defendants' first affirmative defense states: "one or more claims of the Complaint fail to state a claim upon which relief may be granted." ECF No. [42] at 4. Plaintiff contends Defendants' first affirmative defense is not an affirmative defense, as it does not "admit, deny justify or avoid Plaintiff's allegations." ECF No. [80] at 4. Plaintiff also argues this defense must be stricken because Defendants fail to sufficiently allege facts showing a failure to state a claim, nor do they specify which of Plaintiff's claims fail to state a cause of action.

Defendants respond that failure to state a claim is an enumerated defense in Rule 12(b) and that it "includes a situation where an affirmative defense clearly precludes the claim." ECF No. [100] at 5. Defendants explain this defense is properly pled because Plaintiff fails to state a claim for patent infringement. Defendants rely on *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005) and *LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009) for support and argue that claims that fail to state a claim upon which relief may be granted are properly dismissed under Rule 12(b)(6). Defendants contend that *Raptor, LLC v. Odebrecht Constr.*, Case No. 17-cv-21509, 2017 WL 3503399, at *3 (S.D. Fla. June 22, 2017) supports their argument that Plaintiff fails to

state a claim for patent infringement. While this explains why Defendants believe that *Plaintiff* fails to state a patent infringement claim, it fails to address Plaintiff's argument that failure to state a claim is not an affirmative defense, or even if it is, that it has been insufficiently pled.

Moreover, Plaintiff's argument is supported by this Court's prior decision in *Northrop*. In *Northrop*, the defendant moved to strike the plaintiff's affirmative defenses to the defendant's counterclaim, including that the counterclaim failed to a state a claim. 2017 WL 5632041, at *1. The defendant argued the affirmative defense must be stricken because "an assertion that a counterclaim fails to state a claim is not a valid affirmative defense." *Id.*, at *3. This Court agreed, reasoning that a "[f]ailure to state a claim is a defect in [a party]'s claim; it is not an additional set of facts that bar recovery notwithstanding [a party]'s valid prima facie case." *Id.* (quoting *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) (alterations accepted)). Consistent with *Northrop*, the Court finds this defense must be stricken because a failure to state a claim "is not a valid affirmative defense." *Id.*

        **ii.    Second Affirmative Defense – Waiver, Acquiescence, Estoppel, Ratification, Laches and/or Unclean Hands**

Defendants' second affirmative defense states "one or more of the claims of the Complaint are barred by the doctrines of waiver, acquiescence, estoppel, ratification, laches, and/or unclean hands." ECF No. [42] at 5. Plaintiff asserts this defense must be stricken because each is an equitable defense that has not been "pled with the specific elements required to establish the defense." ECF No. [80] at 4. Defendants respond that these defenses meet the "short and plain statement" pleading standard of Rule 8(a) and provide the plaintiff with "fair notice of the nature of the defense." ECF No. [100] at 8.

Plaintiff relies on *Noveshen v. Bridgewater Associates, LP*, Case No. 13-cv-61535, 2016 WL 3902580, at *2 (S.D. Fla. Feb. 25, 2016) to argue equitable defenses must be pled with the

8

specific elements required to establish the defense.[5] In *Noveshen*, the defendant asserted the plaintiff's claims were "barred by the doctrines of waiver, laches, and estoppel[ ]" as an affirmative defense. 2016 WL 3902580, at *2. The court determined that, while this defense did not need to contain the "level of detail required for a complaint," it had to be connected to some fact of the case to give the plaintiff fair notice. *Id.* (citing *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, Case No. 04-cv- 60861, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005)). The court also observed that equitable defenses such as waiver, laches, and estoppel "must be pled with the specific elements required to establish the defense." *Id.* (citation omitted). Because the defense did not meet these criteria, it was stricken. *Id.*

Defendants rely only on *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1360 (M.D. Fla. 2008) for the principle that affirmative defenses pled in general terms may survive a motion to strike so long as they provide the plaintiff with fair notice. *Harvey* does not address whether a heightened pleading standard applies to equitable defenses, however. Defendants do not articulate or otherwise support their position that the second affirmative provides Plaintiff with fair notice.

Plaintiff's reliance on *Noveshen* is persuasive. Defendants' second affirmative defense meets neither the *Iqbal/Twombly* nor the notice standard for pleading affirmative defenses. For instance, to assert the defense of waiver, three elements must be established: "(1) the existence at the time of the waiver of a right, privilege, advantage, or benefit that may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right." *Danzler, Inc. v. PNC Bank, Nat. Ass'n*, 946 F. Supp. 2d 1344, 1367-68 (S.D. Fla. 2013). As in *Noveshen*,

---

[5] Plaintiff also points to *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 580 U.S. 328 (2017) to argue that the defense of laches may not be raised when the alleged infringement has occurred in the past six years.

Defendants have simply listed each defense in a sequence without articulating the specific elements necessary to plead each equitable defense. *See* ECF No. [42] ¶ 51; *Noveshen*, 2016 WL 3902580, at *2. The Court agrees generally listing equitable defenses that *may* bar Plaintiff's claim without connecting them to the facts of this case fails to provide Plaintiff with fair notice. *Id.*; *see also Nature's Prod., Inc. v. Natrol, Inc.*, Case No. 11-cv-62409, 2012 WL 12844708, at *2 (S.D. Fla. Feb. 15, 2012) (striking conclusory equitable affirmative defenses for failing to provide the plaintiff sufficient notice). Accordingly, Defendants' second affirmative defense is stricken.

### iii.  Third and Fourth Affirmative Defenses – No Damages and Failure to Mitigate Damages

Defendants' third and fourth affirmative defenses state respectively "Plaintiff has not sustained damages" and "Plaintiff has failed to mitigate damages, if any, relating to one or more claims of the Complaint." ECF No. [42] at 5. Plaintiff argues that those affirmative defenses are conclusory and do not provide fair notice of the nature of the defense. Defendants respond that the defenses are sufficiently pled because "no damages" and "failure to mitigate damages" are proper affirmative defenses. ECF No. [100] at 7. Defendants cite *Boca Golf View, Ltd. v. Hughes Hall, Inc.*, 843 So. 2d 992 (4th DCA 2003), for support. However, that case applied the Florida Rules of Civil Procedure and merely observed that a party waives the affirmative defense of failure to mitigate damages if it fails to specifically plead it. *See id.* at 993.

Plaintiff replies that *Hernandez v. Ticketmaster, LLC*, Case No. 18-cv-20869, 2018 WL 2198457, at *5 (S.D. Fla. May 14, 2018) supports its argument that the defenses are improperly pled because they do not "contain any allegations connecting the failure to mitigate damages [or no damages] to Plaintiff's claims against Defendants." ECF No. [104] at 3. In *Hernandez*, the court struck an affirmative defense asserting the "plaintiff failed to mitigate her alleged damages" for failing "to explain how the plaintiff failed to mitigate her damages[.]" 2018 WL 2198457, at *5;

10

*see also Schmidt v. Synergentic Commc'ns, Inc.*, Case No. 2:14-cv-539, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015) (striking a failure to mitigate damages affirmative defense for failing to contain "any allegations connecting the defense to [the plaintiff's] claims.").

Plaintiff is correct that Defendants' third affirmative defense is not an affirmative defense. Because that defense denies Plaintiff's allegations of damages, it should be treated as a denial. However, this Court has previously declined to strike denials mistakenly pled as affirmative defenses. *See Northrop*, 2017 WL 5632041, at *4 (stating that denials mistakenly pled as affirmative defenses should not be stricken, but instead treated as specific denials); *see also Marquez v. Hepner*, Case No. 20-cv-20240, 2020 WL 13388311, at *2 (S.D. Fla. Mar. 12, 2020) (declining to strike a "no damages" affirmative defense because it was simply a denial). The Court declines to strike Defendants' third affirmative defense for the same reason.

As for Defendants' fourth affirmative defense, failure to mitigate defenses, *Hernandez* is persuasive. The Court agrees with Plaintiff that Defendants' fourth affirmative defense is bare-bones and conclusory. As in *Hernandez*, Defendants simply assert a "failure to mitigate damages" defense without connecting it to any facts. 2018 WL 2198457, at *5; *see also Castillo*, 2010 WL 3027726, at *4 (an affirmative defense simply alleging the plaintiff's failure to mitigate damages does not give the Plaintiff fair notice).[6] Defendants' fourth affirmative defense is therefore stricken.

---

[6] The court in *Noveshen* declined to strike this defense, concluding that although the affirmative defense was "pled in conclusory fashion, the defense provides adequate notice of its grounds." 2016 WL 3902580, at *2. Unlike *Noveshen*, however, Defendants do not argue their "lack of specificity is due to [Plaintiff's] failure to articulate his damages in his complaint adequately." *Id.* The Court is accordingly persuaded *Hernandez* is more analogous to this affirmative defense and strikes it for the same reasons.

### iv. Fifth, Sixth, Seventh, and Eighth Affirmative Defenses – Noninfringement, Noncompliance with 35 U.S.C. § 101 *et. seq.*, Invalidity, Unenforceability

Defendants' fifth and eighth affirmative defenses assert noninfringement and noninfringement under the doctrine of equivalents.[7] Defendants' sixth and seventh affirmative defense allege patent invalidity.[8] Plaintiff argues that those affirmative defenses are invalid, conclusory, and fail to provide fair notice. Defendants respond that the defenses are valid affirmative defenses under 35 U.S.C. § 282(b) and Federal Rule of Civil Procedure 8(c) and provide Plaintiff fair notice. ECF No. [100] at 7-8.[9]

As Defendants observe, 35 U.S.C. § 282(b) provides that noninfringement and invalidity "shall be defenses in any action involving the invalidity or infringement of a patent and shall be pleaded." 35 U.S.C. § 282(b)(1)-(2). Moreover, invalidity and noninfringement are properly pled as affirmative defenses to patent infringement. *Commil USA, LLC v. Cisco Systems,* Inc, 575 U.S. 632, 644 (2015) (finding invalidity is a valid affirmative defense to patent infringement); *Modified Atmosphere Enterprises LLC v. Fresh Express Inc.*, Case No. 6:20-cv-1702, 2021 WL 2954289, at *1 (M.D. Fla. Mar. 22, 2021) (finding noninfringement may be pled as an affirmative defense).

Defendants are accordingly correct that noninfringement and invalidity are valid affirmative defenses. Further, § 282(b) *requires* Defendants to plead those defenses if they wish to assert them. *See* 35 U.S.C. § 282(b)(1)-(2). The Court is unpersuaded that those affirmative

---

[7] *See* ECF No. [42] at 5-7 ("Defendants have not infringed, and [are] not infringing, directly or indirectly by inducement, any valid and enforceable claim contained in [Plaintiff's Patents].... "by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the Patents-in-Suit, as shown by the respective patent file histories and the contents thereof, prosecution history or judicial estoppel applies to one or more claims of the Patents-in-Suit, precluding a finding of infringement under the Doctrine of Equivalents.").

[8] *See* ECF No. [42] at 5 ("One or more of the Patents-in-Suit are invalid and/or unenforceable for failing to meet the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112…. [o]ne or more of the Patents-in-Suit are invalid, void, and/or unenforceable as the inventor and/or his attorneys failed to comply with the duty of candor required by the United States Patent and Trademark Office during their prosecution.").

[9] Defendants also cite *Entrust Datacard Corp v. Atl. Zeiser Gmbh* for the proposition that the defense does not raise any grounds for striking under Rule 12(f).

defenses fail to provide sufficient notice. Plaintiff is on notice that Defendants intend to prove Plaintiff's Patents are invalid, unenforceable, or that they have not infringed upon those patents. Plaintiff must prepare for litigation in the same way as they would have if Defendants specified the patents at issue, namely, by showing (1) Plaintiff's Patents are valid and enforceable, and (2) Defendants infringed upon those patents. Further, Plaintiff fails to articulate what additional information it needs to adequately prepare to rebut those affirmative defenses. Accordingly, Plaintiff fails to meet its burden to show Defendants' fifth, sixth, seventh and eighth affirmative defenses should be stricken.

> v. **Ninth Affirmative Defense** – **Good Faith**

Defendants' ninth affirmative defense states "Defendants are engaged in activities in good faith and with innocent intent, thereby precluding Plaintiff, even if it prevails, from recovering treble damages, attorney's fees, and/or costs under 35 U.S.C. [§] 284 and 35 U.S.C. [§] 285." ECF No. [42] at 6. Plaintiff argues "good faith and innocent conduct" is not an affirmative defense and is both speculative and conclusory. ECF No. [80] at 8. Defendants respond that their defense has been sufficiently pled under the "short and plain statement" standard required for affirmative defenses under the Federal Rules. ECF No. [100] at 8.

The Court notes that 35 U.S.C. § 285 provides "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The willfulness of the defendant's conduct is relevant in determining whether a case is exceptional for purposes of granting attorney fees to the prevailing party. *Avia Grp. Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1567 (Fed. Cir. 1988). Courts accordingly may award reasonable attorney's fees to a prevailing plaintiff under § 285 when a defendant willfully infringes upon a plaintiff's patent. *See, e.g.*, *Avia Grp. Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1567 (Fed. Cir. 1988). Moreover, 35 U.S.C. § 284 requires courts

to award the prevailing party "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." The Supreme Court has explained § 284 "allows district courts to punish the full range of culpable behavior[,]" although courts should "take into account the particular circumstances of each case in deciding whether to award damages, and in what amount." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016).

Plaintiff's observation that good faith is not a defense to patent infringement is unpersuasive. Determining whether Defendants' infringing conduct, if any, was done in good faith is relevant to determining whether Plaintiff is entitled to enhanced damages. Defendants assert such damages are unwarranted because even if they infringed upon Plaintiff's Patents, any infringement was done in good faith. Plaintiff is on sufficient notice that Defendants believe Plaintiff cannot prove willful infringement. Plaintiff does not articulate what further information is needed in order to adequately prepare to rebut this defense and is on sufficient notice that Defendants claim any infringement was done in good faith. The Court concludes the defense provides sufficient notice on the issue of good faith infringement.

### vi. Tenth Affirmative Defense – Claim Barred by 35 U.S.C. §§ 286, 287

Defendants' tenth affirmative defense states "the relief sought by Plaintiff is barred in whole or in part by the terms of 35 U.S.C. sections 286 and 287." ECF No. [42] at 6. Plaintiff argues that this defense is conclusory and fails to provide sufficient notice because 35 U.S.C. §§ 286 and 287 "are substantive and stand for more than one concept," ECF No. [80] at 8, yet Defendants fail to clarify which provisions bar Plaintiff's patent infringement claim. Defendants respond that this defense sufficiently puts Plaintiff on notice and should not otherwise be stricken under Rule 12(f).

The Court notes that 35 U.S.C. § 286 provides in part "except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." Moreover, 35 U.S.C. § 287 provides limitations on damages in patent infringement actions as well as related statutory remedies. *See generally* 35 U.S.C. § 287.

The tenth affirmative defense, in part, fails to provide Plaintiff sufficient notice. Plaintiff accurately observes § 287 contains numerous sub-provisions addressing distinct limitations on damages and statutory remedies. *See generally id.* Defendant's Response fails to articulate how the defense provides fair notice in light of those provisions. Conversely, the tenth affirmative defense *does* provide sufficient notice that Defendants intend to establish Plaintiff's patent infringement claim is time-barred under § 286. Unlike § 287, that provision articulates a single limitation on damages, namely, barring damages for "any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286. Accordingly, because this defense only provides fair notice with respect to one of the two asserted statutory defenses, the defense must be stricken for failing to provide sufficient notice regarding § 287.[10]

### vii.  Eleventh Affirmative Defense – Res Judicata/Collateral Estoppel

Defendants' eleventh affirmative defense states "Plaintiff's claims against Defendants are barred by *res judicata* and/or collateral estoppel." ECF No. [42] at 6. Plaintiff argues that this is not an affirmative defense, is conclusory, and irrelevant because "there has been no final judgment

---

[10] The Court is mindful that courts have declined to strike defenses asserted under § 287(a) because "[c]ourt[s] may not strike a limitation on damages as an insufficient defense[.]" *Voter Verified, Inc. v. Premier Election Solutions, Inc.*, Case No. 609-cv-1968, 2010 WL 2136494, at *3 (M.D. Fla. May 27, 2010). As discussed, however, Defendants fail to specify which provision of § 287 this defense rests on. The Court accordingly strikes this defense for failing to specify *which* statutory limitation on damages it relies on, not because it is an insufficient defense.

on the merits in other litigation as to any legal issue pending in this case." ECF No. [80] at 8. Defendants respond that this defense sufficiently puts Plaintiff on notice and meets the applicable pleading standard of Rule 8(a). *Id.*

*Res judicata* prohibits a party from filing claims that have already been raised or could have been raised in a prior proceeding. *Harvin v. JP Morgan Chase Bank, N.A.*, Case No. 22-cv-11643, 2023 WL 2910627, at *2 (11th Cir. Apr. 12, 2023). The doctrine applies when each of the following elements are met: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

*Res judicata* is one of the affirmative defenses enumerated in Rule 8(c). Fed. R. Civ. P. 8(c)(1). Whether the defense of *res judicata* applies here is a question of fact. Plaintiff simply asserts that there have been no final judgments on the merits in a prior proceeding that bars its patent infringement claim. However, because Defendants also fail to identify any prior proceeding—let alone a final merits judgment in such a proceeding—the affirmative defense does not provide Plaintiff fair notice of the nature of the defense. Thus, Defendants' eleventh affirmative defense is stricken.

        viii.    **Twelfth Affirmative Defense – Right to Amend**

Defendants' twelfth affirmative defense states "Defendants reserve the right to amend these separate affirmative defenses upon the completion of appropriate investigation and discovery." ECF No. [42] at 6. Plaintiff argues that this defense simply amounts to speculation regarding future defenses. Defendants respond that this defense puts Plaintiff on fair notice and meets the "short and plain statement" standard of Rule 8(a). ECF No. [100] at 8.

This Court has previously declined to strike a "reservation of the right to amend" affirmative defense. *See Northrop & Johnson Holding Co. v. Leahy*, Case No. 16-cv-63008, 2017 WL 5632041, at *4 (S.D. Fla. Nov. 22, 2017). The Court observed doing so did not prejudice the plaintiff, nor did it afford the defendant the right to amend its pleadings without the Court's consent. *Id.* The Court accordingly found it was unnecessary to strike this defense. *Id.* Plaintiff's assertion that this defense is speculative and conclusory is unpersuasive. Plaintiff provides no support that this defense is properly stricken, nor does it show it will suffer prejudice if this defense remains.

### C. Leave to Amend

Having determined several of Defendants affirmative defenses must be stricken, the Court must determine whether Defendants should be granted leave to amend those affirmative defenses. District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Id*. at 1270 (citing *Foman*, 371 U.S. at 182). However, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999).

As discussed, Defendants' first affirmative defenses is invalid as a matter of law. Even if this defense were to be amended, it would therefore still be subject to dismissal. The Court accordingly declines to grant leave to amend the first affirmative defense. *See, e.g.*, *Naeh Media Grp. LLC v. City of Lauderhill, Fla*., Case No. 21-cv-61270, 2021 WL 8263906, at *2 (S.D. Fla. Dec. 1, 2021) (declining to grant leave to amend for invalid affirmative defenses). Conversely, Defendants' second, fourth, sixth, tenth, and eleventh affirmative defenses are stricken because

Case No. 23-cv-24366-BLOOM/Torres

they are conclusory and fail to provide fair notice. However, they are still valid affirmative defenses. The Court accordingly concludes that Defendants should be granted leave to amend those defenses.

## IV. CONCLUSION

For the reasons stated above, is it **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike, **ECF No. [80]**, is **GRANTED in part and DENIED in part** as follows:

1. The Motion is **DENIED** as to Affirmative Defenses 3, 5-9, and 12.
2. The Motion is **GRANTED** as to Affirmative Defenses 1-2, 4, and 10-11.
3. Affirmative Defenses 1-2, 4, and 10-11 are **STRICKEN**.
4. Defendants may amend Affirmative Defenses 2, 4, 10, and 11. Defendants must file an Amended Answer that is consistent with this Order **by August 16, 2024**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 5, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record