UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24366-BLOOM/Torres

XYZ CORPORATION,

  Plaintiff,

    vs.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

  Defendants.

_____/

**ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' 360SPB DIRECT, CEIVEILAS, DOWSHATA, GO360BOOTH, PEEPOLECK, WIVITOUCH AFFIRMATIVE DEFENSES AND MOTION TO DISMISS THE COUNTERCLAIM**

**THIS CAUSE** is before the Court upon XYZ Corporation's ("Plaintiff") Motion to Strike Defendants' 360PB Direct, Ceiveilas, Dowshata, Go360booth, Peepoleck, Wivitouch ("Defendants") Affirmative Defenses and Motion to Dismiss Count III of Defendant's Counterclaim, ("Motion"), ECF No. [81].[1] Defendants filed a Response in Opposition ("Response"), ECF No. [99], to which Plaintiff filed a Reply ("Reply"), ECF No. [103]. The Court has reviewed the Motion, the record in the case, and is otherwise fully advised. For the reasons stated below, Plaintiff's Motion is granted in part and denied in part.

**I.   BACKGROUND**

On December 28, 2023, Plaintiff filed its Amended Complaint against Defendants herein and other "Individuals, Partnerships, and Unincorporated Associations identified on Schedule 'A'" asserting one Count of Infringement of Plaintiff's United States Patents, pursuant to 35 U.S.C. § 101 *et seq.*, and 35 U.S.C. §271. ECF No. [8] ¶ 2. Plaintiff alleges Defendants

---

[1] The Parties also refer to Plaintiff as Marvel Technology (China) Co. Limited.

manufactured, imported, promoted, reproduced, offered for sale, sold and/distributed counterfeit copies infringing Plaintiff's Patents on e-commerce stores. *Id.* ¶ 3.

On February 28, 2024, Defendants filed their Answer denying Plaintiff's allegations. ECF No. [44] at 1-3. The Answer asserts ten affirmative defenses: first (failure to state a claim), second (laches), third (waiver, acquiescence, and estoppel), fourth (non-infringement), fifth (invalidity), sixth (actions of others), seventh (unclean hands), eighth (no injunctive relief), ninth (good faith), and tenth (no causation). *Id.* at 7-9. Defendants also reserve the right to assert additional defenses. *Id.* at 9. Defendants further assert three Counterclaims: Count I seeks a declaratory judgment of non-infringement, Count II seeks a declaratory judgment of invalidity, and Count III asserts a claim of tortious interference with an advantageous business relationship. *Id.* at 10-17.

Plaintiff's Motion seeks to strike eight of the ten affirmative defenses: the first (failure to state a claim), third (waiver, acquiescence, and estoppel), fourth (non-infringement), fifth (invalidity), seventh (unclean hands), eighth (no injunctive relief), ninth (good faith), and tenth (no causation). ECF No. [81] at 2. Plaintiff argues the affirmative defenses are legally insufficient. *Id.* Plaintiff also moves to dismiss Count III of Defendants' Counterclaim for tortious interference because it is preempted by patent law and lacks factual support. *Id.* at 9. Alternatively, Plaintiff seeks a more definite statement of Count III. *Id.* at 11.

Defendants respond that their affirmative defenses give Plaintiff fair notice because Defendants' Counterclaims provide the facts that support their affirmative defenses. ECF No. [99] at 6. Moreover, Defendants argue their Tortious Interference Counterclaim is not preempted as preemption does not apply where the patent holder acted in bad faith in the enforcement of its patent, as established by their Counterclaims. *Id.* at 8. Defendants further contend they have adduced sufficient factual support for their tortious interference claim. *Id.* at 9.

## II. LEGAL STANDARD

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) states "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party." Fed. R. Civ. P. 12(f). When addressing a party's motion to strike, courts have broad discretion. *FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 317 (S.D. Fla. 2018). However, a court will usually deny a motion to strike "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *U.S. Commodity Futures Trading Comm'n v. Mintco LLC*, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016).

### B. Motion to Dismiss

A party may assert a motion to dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. DISCUSSION

### A. Motion to Strike Affirmative Defenses

As stated, Plaintiff moves to strike eight of Defendants' affirmative defenses: the first (failure to state a claim), third (waiver, acquiescence, and estoppel), fourth (non-infringement), fifth (invalidity), seventh (unclean hands), eighth (no injunctive relief), ninth (good faith), and tenth (no causation). ECF No. [81] at 3-7. Plaintiff argues the affirmative defenses fail to provide

3

Plaintiff with fair notice because the defenses do not contain factual allegations that support the elements of the claim. *Id.* Defendants respond that Plaintiff has fair notice because the Counterclaims provide the facts that support the affirmative defenses. ECF No. [99] at 6-8.

"In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). An affirmative defense is a defense "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-CV-63008, 2017 WL 5632041, at *1 (S.D. Fla. Nov. 22, 2017) (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 688, 671 (S.D. Fla. 2013)). "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Adams*, 294 F.R.D. at 671.

District courts are split between two pleading standards for affirmative defenses. Some courts hold that the pleading standard in *Twombly* and *Iqbal* under Rule 8(a) applies to affirmative defenses. *See Northrop*, No. 16-CV-63008, 2017 WL 5632041, at *2; Fed. R. Civ. P. 8(a). "Others have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only 'provide fair notice of the nature of the defense and the grounds upon which it rests.'" *Id.* This Court has consistently found that affirmative defenses are subject to the less stringent pleading standard because "[w]hile Rule 8(a) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it."" *Id.* (quoting Fed. R. Civ. P. 8(a), (b)).

Under the less stringent pleading standard, "'an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Id.* at *3 (quoting *Adams*, 294 F.R.D. at 671). "An affirmative defense is insufficient as a matter of law where: '(1) on the face of the pleadings, it is patently frivolous, or

4

(2) it is clearly invalid as a matter of law.'" *Id.* (citing *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (internal citation omitted). The Court analyzes each of the challenged affirmative defenses.

### i. First Affirmative Defense: Failure to State a Claim

Defendants' first affirmative defense states "[t]he Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted." ECF No. [44] at 8. Plaintiff argues that Defendants' failure to state a claim defense should be stricken because it is a conclusory allegation devoid of legal or factual support that fails to admit, deny, justify, or avoid Plaintiff's allegations. ECF No. [81] at 3. Defendants respond that Plaintiff's Motion should be denied as the Answer and Counterclaims adequately plead a sufficient factual basis to show that Plaintiff has failed to state a claim upon which relief can be granted. ECF No. [99] at 6-7. Plaintiff replies that pretending to cite to the Counterclaim to supplement their affirmative defenses is the definition of an unpermitted shotgun pleading. ECF No. [103] at 2.

A failure to state a claim defense is an invalid affirmative defense because it "only identifies a defect in the defendants' counterclaim instead of pleading "'an additional set of facts that bar recovery notwithstanding [a party's] prima facie case.'" *Northrop*, 2017 WL 5632041, at *3 (quoting *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007)).[2] Accordingly, Plaintiff's Motion to Strike Defendants' first affirmative defense is granted.

### ii. Third Affirmative Defense: Waiver, Acquiescence and Estoppel

Defendants' third affirmative defense states "Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel." ECF No. [44] at 8. Plaintiff moves to strike Defendants' affirmative defense of waiver, acquiescence, and estoppel

---

[2] The Court strikes Defendants' first affirmative defense so does not reach Plaintiff's argument that it is a shotgun pleading.

5

because they "are equitable defenses that must be pled with the specific elements required to establish the defense." *Noveshen v. Bridgewater Associates, LP*, No. 13-CV-61535-KAM, 2016 WL 3902580, at *2 (S.D. Fla. Feb. 25, 2016). Plaintiff argues that Defendants' third affirmative defense consists of multiple equitable defenses, none of which are pled with any particularity aimed at providing Plaintiffs with fair notice and all of which fail to admit, deny, justify or avoid Plaintiffs' allegations. ECF No. [81] at 4. As above, Defendants respond that the Counterclaims adequately establish the factual basis for Defendants' claims for Waiver, Acquiescence, and Estoppel. ECF No. [99] at 7.

"[W]hen considering a motion to strike affirmative defenses, the court must look at whether the defense is legally sufficient to provide fair notice of the nature of the defense; an affirmative defense will be stricken if it fails to recite little more than a bare legal conclusion." *Macknight Food Grp., Inc. v. The Santa Barbara Smokehouse, Inc.*, No. 15-21179-CIV, 2015 WL 6380644, at *1 (S.D. Fla. Oct. 22, 2015). Defendants' affirmative defense of waiver, acquiescence and estoppel fails to provide Plaintiff fair notice of the nature of the defense because Defendants do not include facts to support the elements of the defense. *See Noveshen,* 2016 WL 3902580, at *2. Instead, in their Answer, Defendants merely state that Plaintiff "is barred by the doctrines of waiver, acquiescence, and estoppel." ECF No. [44] at 8. This is no more than a bare legal conclusion.

In their Response, Defendants assert that "[t]he Counterclaims clearly establish that Defendants products predate the asserted patents." ECF No. [99] at 7. Additionally, Defendants explain their products were available over two years before Plaintiff filed this lawsuit. *Id.* However, they do not reference which facts in their Counterclaims support their waiver, acquiescence, and estoppel defense. As such, "the Answer itself does nothing to link its legal conclusions to these factual allegations." *Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2015

6

WL 11418721, at *2 (S.D. Fla. Apr. 29, 2015). "A party cannot remedy pleading deficiencies in its affirmative defenses by attempting to clarify its allegations in opposition to a motion to strike." *Id.* Thus, Plaintiff's Motion to Strike Defendants' third affirmative defense for waiver, acquiescence and estoppel is granted.

### iii. Fourth Affirmative Defense: Non-Infringement

Defendants' fourth affirmative defense states "Defendants have not infringed any applicable patents under federal or state law." ECF No. [44] at 8. Plaintiff moves to strike Defendants' non-infringement affirmative defense because it does not sufficiently allege that even if Defendants infringed on the patents they should not be held liable. ECF No. [81] at 5-7. Defendants respond that the Answer and Counterclaims provide a sufficient factual basis to show non-infringement. ECF No. [99] at 6-7. Plaintiff replies that pretending to cite to the Counterclaim to supplement their affirmative defenses is the definition of the unpermitted shotgun pleading. ECF No. [103] at 2.

For claims arising under patent law, 35 U.S.C. § 282(1) lists noninfringement and invalidity of a patent as affirmative defenses that the defendant is required to plead in his response. *See also Woods v. Deangelo Marine Exhaust, Inc.*, No. 08-81579-CIV, 2009 WL 10667032, at *1 (S.D. Fla. Apr. 20, 2009) (granting the defendant's motion to reconsider although the burden of proving infringement is on the plaintiff because the express language of 35 U.S.C. § 282(1) requires that infringement be pleaded as an affirmative defense).

"An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Puck v. Silverman*, No. 1:22-CV-24078-KMM, 2023 WL 9228323, at *3 (S.D. Fla. Dec. 22, 2023) (quoting *Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013)). Here, Defendants' non-infringement claim is a bare-bones allegation because it does not specify the applicable patents nor

7

specify the federal or state law they allege not to have infringed. ECF No. [44] at 8. As such, Defendants' affirmative defense does not provide Plaintiff fair notice of the grounds that Defendants will use to support their non-infringement defense. In their Response, Defendants argue that Counts I, II and III establish that Defendants' products do not infringe Plaintiff's asserted patents. However, "the Answer itself does nothing to link its legal conclusions to these factual allegations." ECF No. [99] at 6-7; *Pharma*, 2015 WL 11418721, at *2. As mentioned above, "[a] party cannot remedy pleading deficiencies in its affirmative defenses by attempting to clarify its allegations in opposition to a motion to strike." *Id.*[3]

Thus, Plaintiff's Motion to Strike Defendants' non-infringement affirmative defense is granted.

### iv. Fifth Affirmative Defense: Invalidity

Defendants' fifth affirmative defense states "[t]he Marvel Technology (China) Co. Limited Works are invalid for failing to comply with one or more of the statutory requirements for patent protection." ECF No. [44] at 8. Plaintiff moves to strike Defendants' invalidity affirmative defense because the defense is a "conclusory allegation devoid of legal or factual support that fails to admit, deny, justify or avoid Plaintiff's allegations." ECF No. [81] at 6. Defendants respond that they established their defense of invalidity since they have established that the Asserted Patents are invalid in light of the prior art dating as far back as 2015, these products were widely available and well known, and Plaintiff was aware of that prior art. ECF No. [99] at 7-8. ECF No. [99] at 6-7. Plaintiff replies that pretending to cite to the Counterclaim to supplement their affirmative defenses is a shotgun pleading. ECF No. [103] at 2.

---

[3] Because the Court strikes Defendants' fourth affirmative defense, it does not reach the question of whether it is a shotgun pleading.

"An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Puck*, 2023 WL 9228323, at *3. In *Boldstar*, the defendants included an invalidity affirmative defense in their answer with the specific statutory provisions that operate to make the plaintiff's patent invalid. *Boldstar*, 517 F. Supp. 2d at 1291. The plaintiff moved to strike the defendants' invalidity affirmative defense for lack of sufficient facts. *Id.* This Court denied the plaintiff's motion and found that the defendants' "express reference to particular sections of the statute" that make the patent invalid was sufficient factual support. *Id.* (quoting *Bob's Space Racers, Inc. v. Hampton Co., Inc.*, 1996 WL 684440 at *2 (M.D.Fla.1996)).

Unlike in *Boldstar*, here, Defendants did not include the statutory provisions that support their invalidity defense. *See Boldstar*, 517 F. Supp. 2d at 1291; ECF No. [44] at 8. As detailed above, Defendants cannot rely on facts in Counts I, II and III of their Counterclaim to support their invalidity affirmative defense when they do not "link [their] legal conclusions to these factual allegations" in their Answer. ECF No. [44] at 8; ECF No. [99] at 6-7; *Pharma*, 2015 WL 11418721, at *2.[4]

Thus, Plaintiff's Motion to Strike Defendants' invalidity affirmative defense is granted.

     **v.**     **Seventh Affirmative Defense: Unclean Hands**

In the seventh affirmative defense, Defendants allege:

> [u]pon information and belief, Plaintiff's Complaint, on one or more counts set forth therein, is barred by doctrine of unclean hands because Plaintiff is guilty of its wrongful and/or illegal activities which were intimately connected with Plaintiff's claim for relief and that the misconduct are of such a prejudicial nature to Defendants and it would be unfair to allow Plaintiff to recover any damage on the claims therein.

---

[4] The Court strikes Defendants' fifth affirmative defense so it does not reach the question of whether it is a shotgun pleading.

ECF No. [44] at 8-9. Plaintiff moves to strike Defendants' seventh affirmative defense for unclean hands because the affirmative defense was "not pled with any particularity aimed at providing Plaintiff with fair notice and which fails to admit, deny, justify or avoid Plaintiff's allegations." ECF No. [81] at 6. Defendants respond that they established their defense of unclean hands since they have established that the Asserted Patents are invalid. ECF No. [99] at 7-8.

"An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Puck*, 2023 WL 9228323, at *3. Here, Defendants' unclean hands defense is insufficient because Defendants do not satisfy the two requirements necessary to plead an affirmative defense of unclean hands. It does not include facts on (1) how "[P]laintiff's wrongdoing is directly related to the claim against which it is asserted" nor (2) "show that [Defendant] was personally injured by [Plaintiff's] conduct." *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2018 WL 1309921, at *3 (S.D. Fla. Mar. 12, 2018). Defendants state in their Response that Count II of their Counterclaim establishes the facts that support their unclean hands defense. ECF No. [99] at 7. As mentioned by the Court in all the preceding affirmative defenses, Defendants cannot rely on facts alleged in Count II when the facts were not linked to their affirmative defense of unclean hands in their Answer. Therefore, Plaintiff's Motion to Strike Defendants' unclean hands affirmative defense is granted.

### vi.    Eighth Affirmative Defense: No Injunctive Relief

Defendants allege in their eighth affirmative defense that "Plaintiff's demand to enjoin Defendants by injunctive relief are barred, as Plaintiff suffered neither harm nor irreparable harm from Defendant's actions." ECF No. [44] at 9. Plaintiff argues Defendants' no injunctive relief defense "is a mere conclusory allegation devoid of legal or factual support that fails to admit, justify or avoid Plaintiff's allegations." ECF No. [81] at 7. Defendants respond that Plaintiff is not entitled to any injunctive relief as it cannot show a reasonable likelihood of success on the merits

and Defendants' sale of the Accused Products cannot by definition have caused any injury to Plaintiff. ECF No. [99] at 8.

Defendants' no injunctive relief defense denies Plaintiff was harmed because of Defendants' actions instead of admitting Plaintiff's allegation and explaining why Defendants avoid liability or justify their actions to bar Plaintiff from recovering. *See* ECF No. [44] at 9. In their Response, Defendants explained "Plaintiff is not entitled to any injunctive relief as it cannot show a reasonable likelihood of success and Defendants' sale of the Accused Products cannot by definition have caused any injury to Plaintiff." ECF No. [99] at 7-8. Defendants' no injunctive relief defense is a denial of Plaintiff's allegations "because it merely 'points out a defect in the plaintiff's prima facie case.'" *J.G.G. Tobacco Holding Co., Inc. v. Antigua Esteli Tobacco, Corp.*, No. 19-23732-CIV, 2020 WL 4926582, at *2 (S.D. Fla. May 20, 2020) (quoting *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 2010)). When an affirmative defense is only a denial of plaintiff's allegations, the remedy is not to strike the affirmative defense but to treat the defense as a specific denial. *See Northrop*, 2017 WL 5632041, at *4.

Thus, Plaintiff's Motion to Strike is denied and Defendants' no injunctive relief affirmative defense will be treated as a specific denial of Plaintiff's claim. *See id.*

### vii. Ninth Affirmative Defense: Good Faith

Defendants' good faith affirmative defense states,

> Plaintiff's Complaint, on one or more counts set forth therein, is barred because Defendants acted at all times in good faith and did not directly or indirectly induce any act or omission by Defendants was the cause any of the alleged to constitute a violation of any laws, statutes, rules, regulations, contracts, or agreements.

ECF No. [44] at 9. Plaintiff moves to strike Defendants' good faith defense because the defense is a "conclusory allegation devoid of legal or factual support that fails to admit, deny, justify or avoid Plaintiff's allegations." ECF No. [81] at 9. Defendants respond they have established their defense

11

of good faith because Defendants' products were widely available before the priority dates for the asserted patents. ECF No. [81] at 7.

"An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Puck*, 2023 WL 9228323, at *3. In *Thompson v. N. Broward Neurology, P.A.*, No. 16-CIV-60240, 2016 WL 11824691, at *3 (S.D. Fla. Apr. 13, 2016), the plaintiff moved to strike defendant's good faith affirmative defense. The defendants pleaded "that the Plaintiff's claim for liquidated damages is barred because the defendants at all time material hereto acted in good faith and had reasonable grounds for believing that plaintiff was correctly paid for all hours worked . . . ." *Id.* The court found that, despite lacking in factual detail, the defense put plaintiff on sufficient notice of the claim being brought against him. *Id.* Thus, the court denied the motion to strike. *Id.* So too here. In their Response, Defendants explained that Defendants acted in good faith because:

> Plaintiff's Complaint, on one or more counts set forth therein, is barred because Defendants acted at all times in good faith and did not directly or indirectly induce any act or omission alleged to constitute a violation of any laws, statutes, rules, regulations, contracts, or agreements.

ECF No. [44] at 9. This is sufficient for Plaintiff to be on notice that Defendants claim any infringement was in good faith.

Thus, Plaintiff's Motion to Strike Defendants' ninth affirmative defense for good faith is denied.

> viii.  **Tenth Affirmative Defense: No Causation**

In their tenth affirmative defense, Defendants state "Plaintiff's Complaint, on one or more counts set forth therein, is barred because no act or omission by Defendants was the cause of any of the alleged damages in the Amended Complaint." ECF No. [44] at 9. Plaintiff moves to strike Defendants' no causation defense because the defense "is a mere conclusory allegation devoid of

12

legal or factual support that fails to admit, deny, justify or avoid Plaintiff's allegations." ECF No. [81] at 7. Defendants respond that they established a factual basis for their no causation defense. ECF No. [99] at 7.

Defendants' no causation defense is a denial of Plaintiff's allegations because "it merely points out a defect in the plaintiff's prima facie case." *J.G.G.*, 2020 WL 4926582, at *2 (quoting *Rawson*, 846 F.2d at 1349). "Unless the affirmative defense is an avoidance or justification, it should be treated as a denial." *Katz v. Chevaldina*, No. 12-22211-CIV, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013). Here, instead of admitting to Plaintiff's allegations and setting up other facts in justification of their actions or avoidance of liability, Defendants only deny causing Plaintiff's damages. *See Puck*, 2023 WL 9228323, at *3. When an affirmative defense is a denial of the plaintiff's allegations, the remedy is not to strike the affirmative defense but to treat the defense as a specific denial. *See Northrop*, 2017 WL 5632041, at *4.

Thus, Plaintiff's Motion to Strike is denied and Defendants' no causation affirmative defense will be treated as a specific denial of Plaintiff's claim. *See id.*

### ix. Leave to Amend Affirmative Defenses

The next issue before the Court is whether Defendants should be permitted leave to amend their affirmative defenses. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Id.* at 1270 (citing *Foman*, 371 U.S. at 182). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the

defendant." *Tie Qian v. Sec'y, Dep't of Veterans Affs.*, 432 F. App'x 808, 810 (11th Cir. 2011) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Defendants are not permitted leave to amend the first affirmative defense for failure to state a claim because it is not a valid affirmative defense.

Defendants are not permitted leave to amend the eighth (no injunctive relief) and tenth (no causation) affirmative defenses because the Court finds those defenses are specific denials.

Defendants are permitted leave to amend the third (waiver, acquiescence, and estoppel), fourth (non-infringement), fifth (invalidity), and seventh (unclean hands) affirmative defenses because those are valid affirmative defenses.

**B. Motion to Dismiss Defendants' Count III**

**i. Federal Preemption**

Plaintiff moves to dismiss Count III of Defendants' Counterclaim for tortious interference with an advantageous business relationship because Defendants' tortious interference claim is preempted by federal law. ECF No. [81] at 9, 11. Defendants respond that Count III is adequately pleaded and not preempted by federal patent law because Plaintiff acted in bad faith. ECF No. [99] at 8-9.

"Federal Circuit law governs whether patent law preempts a state law claim." *Tropical Paradise Resorts, LLC v. JBSHBM, LLC,* No. 18-CV-60912, 2018 WL 4932282, at *5 (S.D. Fla. Oct. 10, 2018), aff'd sub nom. *Tropical Paradise Resorts, LLC v. Point Conversions, LLC*, 806 F. App'x 966 (11th Cir. 2020). Where there are competing claims, if a party bases their state tort claim on conduct governed by federal patent law, then the state tort claim is preempted by federal patent law. *Id.* However, if the party bringing forth the state tort law claim alleges that the other party acted in bad faith, then the state tort claim is not preempted by federal law. *DeCurtis LLC v. Carnival Corp.,* No. 20-22945-CIV, 2021 WL 7539904, at *17 (S.D. Fla. Feb. 9, 2021). "'[T]o

avoid patent law preemption of such state law tort claims, bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim.'" *Id.* (quoting *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999)).

In their Response to the Motion, Defendants assert that "the Counterclaims clearly establish that Plaintiff has acted in bad faith by asserting its patents against products which predate those very patents, and are therefore, by definition, either non-infringing or invalidating prior." ECF No. [99] at 8. However, in their Counterclaim, Defendants do not allege bad faith as an element to the tortious interference with an advantageous business relationship claim. ECF No. [44]. "[T]o avoid patent law preemption of such state law tort claims, bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim." *Decurtis*, 2021 WL 7539904, at *17. Therefore, Defendants have not sufficiently pled their Counterclaim because Defendants did not allege bad faith in Count III of their Counterclaim for tortious interference with an advantageous business relationship.

### ii. Sufficient Facts

Plaintiff moves to dismiss Defendants' Count III for tortious interference with an advantageous business relationship because Defendants' "pleadings simply recite the elements of a tortious interference claim without any particular facts . . . " ECF No. [81] at 11. Defendants respond that Count III is proper because the claim states that "Defendants have a pre-existing business relationship with Amazon selling the Accused Products." ECF No. [99] at 9.

Under Rule 8(a), a Counterclaim must contain a short and plain statement of the claim showing that the pleader is entitled to relief to provide the plaintiff fair notice of the defendant's counterclaim and the ground on which it rests. *Twombly*, 550 U.S. at 545; Fed. R. Civ. P. 8(a). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 662. Thus, the Defendants are required to plead their

Counterclaim with "more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662.

The elements of a tortious interference with an advantageous business relationship are: "'(1) the existence of a business relationship . . . (2) knowledge of the relationship on the part of the [plaintiff]; (3) an intentional and unjustified interference with the relationship by the [plaintiff]; and (4) damage to the [defendant] as a result of the breach of the relationship.'" *Maxi-Taxi Of Fla., Inc. v. Lee Cnty. Port Auth.,* 301 F. App'x 881, 885 (11th Cir. 2008) (quoting *Tamiami Trail Tours, Inc. v. Cotton*, 463 So.2d 1126, 1127 (Fla. 1985)).

Defendants properly allege facts regarding the first element because Defendants identified Amazon as a party to the business relationship. *See Jetaire Aerospace, LLC v. AerSale Inc.,* No. 1:20-CV-25144-DPG, 2023 WL 9228307, at *7 (S.D. Fla. Nov. 28, 2023); ECF. No. [44] at 17.

However, Defendants do not include sufficient facts to support the remaining elements of the claim. *See Iqbal*, 556 U.S. at 678. Instead, Defendants merely recite the elements of a tortious interference with an advantageous business relationship claim and therefore offer nothing more than legal conclusions. For the second element, Defendants allege "[u]pon information and belief, Marvel had knowledge of the pre-existing business relationship between Defendants/Counterclaim Plaintiff and Amazon." ECF No. [44] at 17. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Here, Defendants fail to include any facts that show Plaintiff had knowledge of the pre-existing relationship. Thus, the second element of Defendants' tortious interference claim is insufficiently pleaded.

For the third element, Defendants allege that "[u]pon information and belief, Marvel intentionally and without justification filed false patent infringement claims with Amazon against Defendants/ Counterclaim Plaintiffs which interfered with the pre-existing business relationship." ECF No. [44] at 17. This too is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Defendants do not include facts that show Plaintiff intentionally and without justification filed this claim.

Similarly, for the fourth element, Defendants allege that "Defendants/Counterclaim Plaintiffs are suffering irreparable harm, injury, and substantial damages directly proximately caused by Marvel's interference in the business relationship." ECF No. [44] at 17. Defendants' fourth element is insufficient as pleaded because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Thus, the Court grants Plaintiff's Motion to Dismiss Defendants' Count III for tortious interference with advantageous business relationship because it fails to include factual support to provide Plaintiff fair notice of the claim brought against it.

The final issue before the Court is whether Defendants should be permitted leave to amend Count III. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield*, 466 F.3d at 1270 (quoting *Foman*, 371 U.S. at 182 (1962). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Id*. at 1270 (citing *Foman*, 371 U.S. at 182). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Tie Qian*, 432 F. App'x at 810 (quoting *Cockrell*, 510 F.3d at 1310). Here, Defendants can amend their Count III for tortious interference to conform with Rule 8(a). Fed. R.

Civ. P. 8(a). Thus, Defendants have leave to amend Count III for tortious interference with an advantageous business relationship because amendment would not be futile.

### C. Motion for More Definite Statement

The Court grants Plaintiff's Motion to Dismiss Defendants' Count III for tortious interference with an advantageous business relationship. As a result, Plaintiff's Motion for More Definite Statement is rendered moot.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike, **ECF No. [81]**, is **GRANTED IN PART** and **DENIED IN PART**:

    a. The Motion to Strike is **DENIED** as to Affirmative Defenses 8, 9 and 10.
    b. The Motion to Strike is **GRANTED** as to Affirmative Defense 1 without leave to amend.
    c. The Motion to Strike is **GRANTED** as to Affirmative Defense 3, 4, 5 and 7 with leave to amend.

2. Plaintiff's Motion to Dismiss Defendants' Count III of Defendants' Counterclaim, ECF No. [81], is **GRANTED** with leave to amend.

3. Defendants shall file an Amended Answer and Counterclaim **no later than August 16, 2024.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 5, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record