UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24366-BLOOM/Torres

XYZ CORPORATION

    Plaintiff(s),

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIES ON SCHEDULE "A",

    Defendant(s).
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND TO DISMISS COUNTERCLAIMS

**THIS CAUSE** is before the Court upon Plaintiff XYZ Corporation's ("Plaintiff") Motion to Strike Affirmative Defenses and to Dismiss Counterclaims ("Motion"), ECF No. [102]. Defendants TYTY USA (No. 5), Rez LLC (No. 30), Accha 360 Photo Booth Store (No. 52), AcchaGo (No. 28), and health-ro-booter (No. 104) ("Defendants") filed two Responses: one Response from Defendants in Opposition to Plaintiff's Motion to Strike Affirmative Defenses and Motion to Dismiss, ECF No. [108], and one Response from Counter-Plaintiffs in Opposition to Counter-Defendant's Motion to Dismiss the Counterclaims, ECF No. [109] ("Responses"). Plaintiff filed two Replies: Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Strike and Motion to Dismiss, ECF No. [111], and Plaintiff's Reply to Counter-Plaintiffs' Opposition to Counter-Defendant's Motion to Dismiss, ECF No. [116] ("Replies"). The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff filed this patent infringement action against Defendants for damages stemming from Defendants' manufacture, importation, promotion, reproduction, offering for sale, sale, and/or distribution of goods allegedly incorporating or infringing three of Plaintiff's patents. ECF No. [8]. The three patents at issue are: (1) Utility Patent, No. US 11,719,380 for a high-stability 360-degree photo booth (the "380 Patent"), (2) Utility Patent, No. US 11,720,000 for a 360-degree camera device having an atmosphere lamp (the "000 Patent"), and (3) Design Patent, No. US D976,993 S for a camera platform (the "993 Patent").

In their Amended Answer, Defendants assert five Counterclaims against Plaintiff: (1) Declaratory Judgment of Patent Invalidity of US D976,993 S Patent (Count I); Declaratory Judgment of Patent Invalidity of US D976,993 S Patent-Lack of Novelty (Count II); Declaratory Judgment of Patent Invalidity of US D976,993 S Patent-Prior Sale Bar (Count III);[1] Declaratory Judgment of Patent Invalidity of Patent S11,720,000 B1 and US 11,719,380 B1 (Count IV); and Negligence (Count V). ECF No. [88] at 9–12. Defendants also assert five Affirmative Defenses: On-Sale Bar (Affirmative Defense 1); Lack of Novelty (Affirmative Defense 2); Fraud upon the United States Patent and Trademark Office ("USPTO") – Invalid Patents for Failure to Disclose Prior Arts (Affirmative Defense 3); Invalid Patent for Prior Publication (Affirmative Defense 4); and Obviousness (Affirmative Defense 5).

Plaintiff seeks dismissal of each Count of Defendants' Counterclaim and moves to strike four of Defendants' Affirmative Defenses: Lack of Novelty (Affirmative Defense 2), Fraud Upon the USPTO (Affirmative Defense 3), Invalid Patent for Prior Publication (Affirmative Defense 4), and Obviousness (Affirmative Defense 5).

---

[1] Count III is mislabeled as Count II in Defendants' Answer, but the Court uses the proper labeling.

## II.   LEGAL STANDARD

### A. Motion to Dismiss a Counterclaim

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Assa Realty, LLC v. Solution Group Corporation*, 2018 WL 1313432, at *2 (S.D. Fla. 2018) (internal quotations omitted). To survive a Rule 12(b)(6) motion to dismiss, a pleading must meet the requirements of Rule 8(a), which requires "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A claim is plausible when the "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court accepts plaintiff's allegations as true and evaluates all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *KPR U.S., LLC v. LifeSync Corp.*, No. 22-CV-60468-RAR, 2023 WL 5529176, at *2 (S.D. Fla. 2023) (internal quotation omitted).

### B. Motion to Strike Affirmative Defenses

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, striking affirmative defenses has long been disfavored, and "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *United States Commodity Futures Trading Commission v. Mintco LLC*, 2016 WL 3944101, at *2 (S.D. Fla. 2016) (internal quotation omitted).

Courts are split regarding the standard for pleading affirmative defenses. The Eleventh Circuit has not yet settled this split nor established one appropriate standard for affirmative defenses. *See*, *e.g.*, *Mad Room, LLC v. City of Miami*, 2024 WL 2776173, at *1 (S.D. Fla. 2024). Some courts follow the Rule 8(a) standard, according to which a pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 8(a). Other courts, including this Court, have applied a less stringent standard derived from the language of Rule 8(b) and 8(c), which only requires affirmative defenses to "provide fair notice of the nature of the defense and the grounds upon which it rests." *Northrop and Johnson Holding Company, Inc. v. Leahy*, 2017 WL 5632041, at *3 (S.D. Fla. 2017) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 8(b)-(c).

Under the lower pleading standard, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *Northrop* at *3 (internal quotation marks and citation omitted). "An affirmative defense is insufficient as a matter of law where: (1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* (citations omitted). In evaluating a

4

motion to strike affirmative defenses, the Court does not "consider the merits of any affirmative defense because the [c]ourt accepts all well-pled facts as true and only evaluates the legal sufficiency of an affirmative defense.'" *Mad Room*, 2024 WL 2776173, at *2.

### C. Shotgun Pleadings

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The most common type of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Shotgun pleadings are impermissible as they "fail … to give the [parties] adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. However, just because a claim incorporates preceding paragraphs or facts does not mean the claim is a shotgun pleading that should be dismissed. As Rule 10(b) sets forth, "[a] later pleading may refer by number to a paragraph in an earlier pleading." Fed. R. Civ. P. 10(b).

### III. DISCUSSION

#### A. Plaintiff's Motion to Strike Affirmative Defenses

Plaintiff moves to strike Defendants' Affirmative Defenses, pursuant to Federal Rules of Civil Procedure 8, 12(f) and Local Rule 7.1, of Lack of Novelty, Fraud, Invalidity for Prior Publication, and Obviousness as insufficient as a matter of law and for being shotgun pleadings. Defendants respond that Plaintiff's Motion should be denied for being unreasonable, and

Defendants pleaded sufficient facts in their Affirmative Defenses for Plaintiff to have notice. ECF No. [108].[2]

### i. Shotgun Pleading

Plaintiff argues that Defendants' Affirmative Defenses are shotgun pleadings because some Affirmative Defenses incorporate elements of preceding Affirmative Defenses into subsequent Affirmative Defenses. ECF No. [102] at 2. Defendants respond that "incorporation is convenient to save pages," and the pleadings are not confusing. ECF No. [108] at 2.

Just because a claim incorporates preceding paragraphs or facts does not mean the claim should be dismissed as a shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Rule 10(b) specifically permits "[a] later pleading [to] refer by number to a paragraph in an earlier pleading." Fed. R. Civ. P. 10(b). Defendants' incorporation of previous facts in their Affirmative Defenses does not prevent Plaintiff from being on notice of the allegations in each Affirmative Defense. As such, there is no basis to strike the Affirmative Defenses on shotgun pleading grounds.

### ii. Second Affirmative Defense: Lack of Novelty

Plaintiff claims Defendants' Lack of Novelty Affirmative Defense is insufficient as a matter of law because it is merely a conclusory allegation that fails to admit, deny, justify, or avoid Plaintiff's claims. ECF No. [102] at 5. Defendants respond that they incorporated the following facts from their Answer into the Lack of Novelty Affirmative Defense:

> 51. US 11,720,000 B1 Patent ('000 Patent) was filed on Jan. 19, 2023, and US 11,719,380 B1 Patent ('380 Patent) was filed on Oct. 28, 2022.
> 52. However, Tops Tech started selling this same product back to Jan. 11, 2021 on

---

[2] Defendant contends that Plaintiff's Motion violated Local Rule 7.1(a)(3) because Plaintiff failed to confer with opposing counsel before filing the Motion. A court will not deny a motion to strike based on a party's failure to comply with Local Rule 7.1 when filing joint motions to strike and dismiss. *See Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *4 (S.D. Fla. 2013).

> alibaba.com, more than one year prior to the filing date of '000 Patent and '380 Patent.
> 53. Tops Tech's started selling the same product on amazon.com as early as Nov. 19, 2021, more than one year prior to the filing date of '000 Patent.

ECF. No. [108] at 2.

Under the Rule 8(b) standard applied by this Court, Defendants' Lack of Novelty Affirmative Defense "provide[s] fair notice of the nature of the defense and the grounds upon which it rests." *Northrop*, 2017 WL 5632041, at *3. Defendants identify Tops Tech, the entity that sold the products, and Alibaba.com and Amazon.com, two of the websites on which the products were sold. In addition to paragraphs 51-53, Defendants incorporate paragraph 2 of the Amended Complaint to their Lack of Novelty Affirmative Defense, which lists the patents at issue. Defendants have alleged facts placing Plaintiff on fair notice of their Lack of Novelty Affirmative Defense (Affirmative Defense 2). Accordingly, Plaintiff's Motion to Strike is denied as to Affirmative Defense 2 for Lack of Novelty.

### iii. Third Affirmative Defense: Fraud Upon USPTO

Plaintiff claims Defendants' third Affirmative Defense for Fraud Upon the USPTO — alleging Plaintiff's patents are invalid for failing to disclose prior arts patented by Defendants — is insufficiently pleaded as a matter of law as it fails to "allege the elements of fraud, making it legally insufficient." ECF No. [102] at 6. Defendants respond that they pleaded sufficient facts and elements for Plaintiff to answer. ECF No. [108] at 2-3. Plaintiff replies that intent is not properly pled or factually supported. ECF No. [111] at 5.

Defendants' Fraud Affirmative Defense alleges that Plaintiff should have disclosed Defendants' patent US D958,222 S ("222 Patent") as material prior art and failed to do so. ECF No. [88] ¶ 57. Defendants incorporated several prior paragraphs to this Affirmative Defense, including allegations that the 360-degree photo booth described in Plaintiff's patents was "already

7

known or used by others before the patents . . . were filed." *Id.* at ¶ 55. Defendants also claim Plaintiff knew or should have known about Defendants' 222 Patent which bears similarity to Plaintiff's patents, "as it was very likely he copied from such prior art and applied it as his own patent." ECF No. [88] ¶ 60. Defendants claim that Plaintiff's "behaviors were likely fraudulent with intent to defraud USPTO." *Id.* at ¶¶ 57–59, 61.

To defend against a claim for patent infringement, "[a] defendant in a patent infringement suit can attempt to prove by clear and convincing evidence that the patent never should have issued in the first place." *KPR U.S., LLC v. LifeSync Corporation*, 2023 WL 5529176, at *3 (S.D. Fla. 2023) (internal quotation marks and citation omitted). One way to prove that a patent should not have been granted is to claim the patentee committed fraud in obtaining the patent. *Id.* When pleading fraud, a party is governed by Rule 9(b), which states that:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). "Rule 9(b) applies to claims and defenses." *Miami Yacht Charters, LLC v. National Union Fire Ins. Co. of Pittsburgh Pa.*, 2012 WL 1416428, at *2 (S.D. Fla. 2012).[3] "[W]hen pleading fraud, a plaintiff generally should specifically identify the individuals who made the alleged misrepresentations, the time of the alleged fraud, and the place of the alleged fraud." *Alcon Laboratories, Inc. v. Allied Vision Group, Inc.,* 2019 WL 2245584, at *9 (S.D. Fla. 2019). Even if Rule 9(b) provides that intent may be alleged generally, "Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give

---

[3] This Court therefore applies Rule 9(b) and not the less stringent standard for affirmative defenses that requires only "provide fair notice of the nature of the defense and the grounds upon which it rests." *Northrop and Johnson Holding Company, Inc. v. Leahy*, 2017 WL 5632041, at *3 (S.D. Fla. 2017).

him license to evade the less rigid—though still operative—strictures of Rule 8." *Iqbal*, 556 U.S. 662, 686-87 (2009) (citation omitted).

Defendants construe this Affirmative Defense as an inequitable conduct claim in their Response. Given that Affirmative Defense III alleges Plaintiff failed to disclose material prior art in its patent application, the Court similarly construes it as an inequitable conduct defense. *See Therasense, Inc. v. Becton, Dickinson & Co.,* 649 F.3d 1276, 1287 (Fed. Cir. 2011) (citation omitted) ("To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO.").

To prevail on an inequitable conduct claim, the alleged infringer has the burden to prove, by clear and convincing evidence, that "the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, *and* (2) intended to deceive the [USPTO]." *KPR U.S.*, 2023 WL 5529176, at *3 (S.D. Fla. 2023)[4] (quoting *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008) (emphasis added)); *see also Sanders v. Mosaic Co.*, 418 F. App'x 914 (Fed. Cir. 2011) (intentionally hiding a prior business relationship with a key expert in a patentee's application was sufficient for the court to infer patentee's intent to deceive USPTO). Defendants allege Plaintiff's behaviors were fraudulent, but they do not allege facts that would allow the Court to infer Plaintiff intended to deceive the USPTO in the application for the patent in question. Here, Defendants allege that Plaintiff failed to disclose prior arts patented by Defendants in their patent applications. Defendants have not alleged that Plaintiff was aware of the existence of Defendants' patent and

---

[4] While Defendants' affirmative defenses claim Plaintiff committed fraud on the USPTO whereas *KPR* refers to the specific fraud-based claim of inequitable conduct, the elements of Defendants' allegations are analogous to those in *KPR*.

merely state that Plaintiff "knew or should have known such prior art as it was very likely he copied from such prior art and applied it as his own patent." ECF No. [88] ¶ 60. Such allegations are insufficient to plead intent to deceive under existing case law. In *KPR U.S., LLC v. LifeSync Corp.*, for instance, defendants alleged a plaintiff intended to deceive the USPTO by failing to disclose relevant prior art in a patent application and that the plaintiff should have known the prior art was material to the patent being litigated. 2023 WL 5529176, at *3, 6 (S.D. Fla. 2023). The defendants alleged that the plaintiff had cited a prior art in other patent applications *Id.* at *6. The court found the plaintiff's failure to disclose specific prior art in the patent at issue did not prove intent to deceive because the defendants did not show that the plaintiff was aware of the prior art's materiality to the patent in question. *Id.* The court in *KPR* found the intent element had not been pleaded sufficiently even when there was direct evidence that the patentees knew the prior art existed. Where, as here, Defendants merely assert that Plaintiff "knew or should have known" and fail to provide allegations that support Plaintiff's knowledge of the prior art in question, Defendants did not sufficiently plead the intent element for fraud upon the USPTO.

Accordingly, Plaintiff's Motion to Strike Defendants' third Affirmative Defense for Fraud upon the USPTO is granted.

     iv. **Fourth Affirmative Defense: Invalid Patent for Prior Publication**

Defendants' fourth Affirmative Defense incorporates paragraph 2 of the Amended Answer, which identifies all three of Plaintiff's patents. ECF No. [88] ¶¶ 55, 63. Defendants' Affirmative Defense also alleges by incorporation that "Tops Tech started selling this same products back to Jan. 11, 2021 on alibaba.com, more than one year prior to the filing date of '000 Patent and '380 Patent." ECF No. [88] ¶ 52. Further, Defendants allege that "Tops Tech's started selling the same product on amazon.com as early as Nov. 19, 2021, more than one year prior to the filing date of

10

'000 Patent." *Id.* at ¶ 53. Plaintiff claims Defendants' fourth Affirmative Defense for Invalid Patent for Prior Publication is insufficient as a matter of law because it is merely a conclusory allegation that fails to admit, deny, justify, or avoid Plaintiff's claims. ECF No. [102] at 6. Plaintiff argues that Defendants have not given the title of the publication in which their patent was published, when the publication occurred, or which of Plaintiff's patents it is referring to. Defendants respond that the fourth Affirmative Defense states that the alleged patent was published in China one year prior to the patent at issue, which is sufficient. ECF No. [108] at 3.

By incorporating the patents' names in paragraph 2 of their fourth Affirmative Defense, Defendants have given the Plaintiff sufficient notice regarding their intent to litigate the validity of all three of Plaintiff's patents due to their patents' prior publication in China. As with Defendants' Affirmative Defense for Lack of Novelty, Defendants have pleaded sufficient facts for their Affirmative Defense of Invalid Patent for Prior Publication. Accordingly, Plaintiff's Motion to Strike Defendants' fourth Affirmative Defense for Invalid Patent for Prior Publication is denied.

v. **Fifth Affirmative Defense: Obviousness**

Defendants' pleading states "it is obvious that Plaintiff copied Defendants' patent," and that Plaintiff's Patent "was almost identical to Defendants' Patent, by adding a circular metal holder on the top of the pole and two short bars in the middle of the pole." ECF No. [88] ¶¶ 64-65. Plaintiff points out that Defendants' Affirmative Defense for Obviousness does not plead obviousness as it pertains to patent law. ECF No. [102] at 7. Plaintiff states that "an obviousness argument relates to whether the differences between the claims and the prior art are apparent to a person with ordinary skill at the time of filing of the patent application (*See* 35 U.S.C. § 103[]) not

to an alleged 'obvious' circumstance of alleged copying." ECF No. [102] at 7.[5] Defendants respond that they "listed the specific patent of Defendants to prove that Plaintiff copied from Defendants'[sic] patent" and "[they] pointed out the minor difference added by Plaintiff, which constituted the ground for obviousness." ECF No. [108] at 3.

Obviousness in patent law asks "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103.[6] If so, the claimed invention is not patentable. *Id.* Defendants do not set forth an Affirmative Defense of Obviousness when they merely state "it is obvious that Plaintiff copied Defendants' patent[.]" ECF No. [88] ¶ 64. Defendants' fifth Affirmative Defense "is clearly invalid as a matter of law." *Northrop*, 2017 WL 5632041, at *3.

Accordingly, Plaintiff's Motion to Strike is granted as to Affirmative Defense 5 - Obviousness.

### vi. Leave to Amend Affirmative Defenses

The next issue before the Court is whether Defendants should be permitted leave to amend their Affirmative Defenses. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Id.* at 1270

---

[5] Defendant uses the correct definition of obviousness in their Counterclaim.
[6] According to 35 U.S.C. § 103, "Conditions for patentability; non-obvious subject matter":
a patent for a claimed invention may not be obtained if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. 35 U.S.C. § 103.

(citing *Foman*, 371 U.S. at 182). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Tie Qian v. Sec'y, Dep't of Veterans Affs.*, 432 F. App'x 808, 810 (11th Cir. 2011) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Defendants are permitted leave to amend the third Affirmative Defense for Fraud upon the USPTO and the fifth Affirmative Defense for Obviousness because amendment would not be futile.

### B. Plaintiff's Motion to Dismiss Counterclaims

#### i. Count I: Declaratory Judgment of Patent Invalidity of 993 Patent

Count I of Defendants' Counterclaim seeks a Declaratory Judgment of Patent Invalidity as to the 993 Patent. Defendants allege that Plaintiff's Patent is invalid and unenforceable because Plaintiff committed fraud while applying for its patent by failing to disclose Defendants' 222 patent as material prior art. Defendants claim their 222 patent is material prior art because the 222 patent contains "'all the material features of the '000 and '380 patents," Plaintiff failed to disclose the 222 patent in its application for the 993 Patent, and "Plaintiff's behaviors were likely fraudulent with intent to defraud the USPTO." ECF No. [88] ¶¶ 19–22.

Plaintiff contends that patents carry a presumption of validity under 35 U.S.C. § 282 and that Plaintiff had no duty to conduct a prior art search before applying for their patents. Defendant responds that an applicant for a patent has a duty to disclose material prior arts, and the question of whether Plaintiff should have been aware of the prior arts "belong[s] to the purview of the discovery." ECF No. [109] at 2. Plaintiff replies that to survive a motion to dismiss, Defendants need to show that Plaintiff intended to deceive the USPTO, and Defendants have not shown that

Plaintiff intended to do so or that Plaintiff was even aware of Defendants' patents. ECF No. [116] at 2.

As the Court stated previously, claims relating to a patent holder's alleged fraud in an application to the USPTO are subject to certain pleading requirements.[7] First, fraud claims must be pled under Rule 9(b), which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Second, parties alleging that a patent is invalid must provide facts that allow for the inference that (1) the patent holder made an affirmative misrepresentation, failed to disclose material information, or submitted false material information, and (2) intended to deceive the USPTO. *KPR U.S., LLC*, 2023 WL 5529176, at *3 (S.D. Fla. 2023).

Here, Defendants have not included allegations that Plaintiff intentionally committed fraud in the application of its patent, and so fail to sufficiently plead their Counterclaim seeking declaratory judgment for patent invalidity. Defendants merely state that "Plaintiff knew or [] should have reasonably know[n] such prior art as it was very likely he copied from much prior art and applied it to USPTO as his own patent." ECF No. [88] ¶ 21. However, those allegations are insufficient to allow for the inference that Plaintiff knew about Defendants' patent.

Further, the fact that Plaintiff did not disclose Defendants' patent as prior art in their patent application is not in itself sufficient to plead intent to deceive the USPTO. Defendants' argument that Plaintiff had a duty to conduct a prior art search is inaccurate because Defendants allege no facts that would have required Plaintiff to undertake such a search. "The mere possibility that material information may exist will not suffice to give rise to a duty to inquire…" *Frazier v.*

---

[7] As above, the Court construes Defendants' Count seeking a declaratory judgment of invalidity for failure to disclose a material prior art as an inequitable conduct claim subject to Rule 9(b).

*Roessel Cine Photo Tech, Inc.,* 417 F.3d 1230 (Fed. Cir. 2005) (quoting *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1383 (Fed. Cir. 2001)). The Federal Circuit has repeatedly found that there is no duty to conduct a prior art search and "thus there is no duty to disclose art of which an applicant could have been aware." *Frazier v. Roessel Cine Photo Tech, Inc.*, 417 F.3d 1230, 1238 (Fed. Cir. 2005). Here, as in the third affirmative defense for Fraud upon USPTO, Defendants have not provided sufficient facts to allow for the inference that Plaintiff intended to deceive the USPTO when applying for Plaintiff's patents. Defendants have not sufficiently pleaded that Plaintiff intended to obtain the patents by fraudulent misrepresentation or omission.

Accordingly, Plaintiff's Motion to Dismiss is granted as to Count I of Defendants' Counterclaim.

### ii.   Count II: Declaratory Judgment of Patent Invalidity of 993 Patent — Lack of Novelty

Plaintiff argues Count II (Declaratory Judgment of Patent Invalidity of US D976,993 S Patent- Lack of Novelty) lacks a factual basis, is conclusory, and is not entitled to the presumption of truth. Plaintiff also argues that Defendants' allegations in Count II — which states "[Defendants'] patent is almost identical to [Plaintiff's] '993 Patent'" — indicate Defendants have admitted there are differences between the two patents, which means Plaintiff's 993 patent cannot lack novelty. Defendants respond that they provided sufficient facts when they provided information regarding their patents. ECF No. [109] at 2. Plaintiff replies that Defendants' lack of novelty arguments lack specificity as to the products that the Defendants alleged were available prior to Plaintiff's application. ECF No. [116] at 3.

Defendants allege that Plaintiff's "'993 Patent lacks novelty because it added a circular metal holder on the top of the pole as compared to [Defendants'] '222 Patent and added two short bars in the middle of the pole as shown in '222 Patent." *Id.* at ¶ 24. Further, Count II alleges that

"[t]here are no new patentable claims added to Plaintiff's 993 Patent." ECF No. [88] ¶ 25. Those facts are sufficient to support Defendants' claim for a declaratory judgment that Plaintiff's '993 patent lacks novelty. Plaintiff's Motion to Dismiss is denied as to Count II.

### iii. Count III: Declaratory Judgment of Patent Invalidity of 993 Patent — Prior Sale Bar

Plaintiff contends that Count III (Declaratory Judgment of Patent Invalidity of US D976,993 S Patent- Prior Sale Bar) lacks a factual basis, is conclusory, and is not entitled to the assumption of truth. Defendants respond they provided sufficient facts when they provided the dates and platforms of the public sales. ECF No. [109] at 2. Plaintiff replies that Defendants' prior sale argument lacks specificity as to the products the Defendants alleged were available prior to Plaintiff's application. ECF No. [116] at 3.

Count III alleges that Plaintiff's 993 patent is barred by prior sale because the "993 Patent is [] barred by public sale as Tops Tech [was] already selling[sic] such same products on Alibaba.com from Jan. 11, 2021, more than one year prior to the application of '993 Patent.'" Those facts are sufficient to support Defendants' Count III for a declaratory judgment that Plaintiff's '993 patent is barred by the prior sale bar. Plaintiff's Motion to Dismiss is denied as to Count III.

### iv. Count IV: Declaratory Judgment of Patent Invalidity of Patent US11,720,000 B1 ('000 Patent) AND US 11,719,380 B1 ('380 Patent)

Plaintiff argues in their Motion that Count IV (Declaratory Judgment of Patent Invalidity of Patent US11,720,000 B1 ('000 Patent) and US 11,719,380 B1 ('380 Patent)) should be dismissed as factually insufficient because Defendants have not alleged what invention in Plaintiff's Patents renders the 000 and 380 patents invalid by prior sale bar. As Plaintiff points out, Defendants do not address this argument in their Response. ECF No. [116] at 4.

16

Count IV requests a declaration of invalidity of Plaintiff's 000 and 380 patents because they are barred by prior sale. It alleges which patents are alleged to be invalid, that these same products were sold by Top Techs starting on January 11, 2021 on Alibaba.com, more than one year prior to the filing of Plaintiff's 000 and 380 patents, and on Amazon.com as early as November 19, 2021, more than one year prior to the filing of Plaintiffs' 000 patents. ECF No. [88] ¶¶ 35-36. Defendants have alleged sufficient facts to support their allegations that Plaintiff's 000 and 380 Patents are barred by prior sale. Plaintiff's Motion to Dismiss is denied as to Count IV.

v. **Count V: Negligence**

Defendants' Count V is a state-law tort claim for negligence. Defendants allege that Plaintiff was negligent in failing to check the validity of Plaintiff's patents before filing suit against Defendants for infringement, which led to Defendants' accounts being frozen by a court-ordered TRO. ECF No. [88] at 7, 11 ¶¶ 39-43. Plaintiff argues that Count V is preempted by federal law, because it is premised on Plaintiff filing suit to enforce their patent rights. ECF No. [102] at 13–14. Defendants respond that Plaintiff "jumped out of the four-cornered Counterclaim by asserting 'good-faith assertion of infringement' as its basis for dismissing the Counterclaim[,]" and that Plaintiff should be sanctioned. ECF No. [109] at 3.

Defendants' negligence claim is preempted by federal law because Defendants did not allege bad faith. "State tort claims against a patent holder, including tortious interference claims, based on enforcing a patent in the marketplace, are 'preempted' by federal patent laws, unless the claimant can show that the patent holder acted in 'bad faith' in the publication or enforcement of its patent." *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008). To demonstrate bad faith, a party must demonstrate objective and subjective components. For the objective element, an infringement must be "objectively baseless," meaning "no reasonable litigant could realistically expect success on the merits." *Id.* at 1375; *see also Prof'l Real Estate Investors,*

*Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993). To meet the subjective element, the patentee must demonstrate subjective bad faith in enforcing the patent. *See, e.g.*, *800 Adept, Inc.*, 539 F.3d at 1370 (Fed. Cir. 2008). Here, Defendants fail to allege any facts supporting bad faith on behalf of the Plaintiff. Further, Defendant does not rebut Plaintiff's contention that Plaintiff "fail[ing] to fulfill their duty to check prior sales, prior publications and the prior arts already registered as patent in USPTO" is insufficient to constitute bad faith, as Plaintiff has no such duty. ECF No. [109] at 3; ECF No. [102] at 14. Accordingly, Defendants' state-law negligence claim is preempted by federal patent law and Plaintiff's Motion to Dismiss Count V of Defendants' Counterclaim is granted.

### vi. Leave to Amend

As the Court did when considering Defendants' Affirmative Defenses, the Court grants Defendants leave to amend Count I (Declaratory Judgment of Patent Invalidity of 993 Patent) as leave to amend would not be futile.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Affirmative Defenses and to Dismiss Counterclaim, **ECF No. [102]**, is **GRANTED IN PART** and **DENIED IN PART.**

    a. Plaintiff's Motion to Strike Affirmative Defense 2 and Affirmative Defense 4 is **DENIED**.

    b. Plaintiff's Motion to Strike Affirmative Defense 3 and Affirmative Defense 5 is **GRANTED** with leave to amend.

    c. Plaintiff's Motion to Dismiss Count I and Count V is **GRANTED** with leave to amend Count I.

    d. Plaintiff's Motion to Dismiss Count II, Count III, and Count IV is **DENIED**.

2. Defendants shall file an Amended Answer and Counterclaims no later than **August 26, 2024.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 12, 2024.

                                      **BETH BLOOM**
                                      **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record