UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-cv-24366-BLOOM/Torres

XYZ CORPORATION,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants

**EXPEDITED MOTION TO COMPEL**

      Defendants, TYTY USA (Doe 5 in the Schedule A of the Amended Complaint [DE 8]), Rez LLC (Doe 30), Achha 360 Photo Booth Store (Doe 52), AchhaGo (Doe 28) and health-robooter (Doe 104), 360 SPB Direct (Doe 2), Ceiveilas US (Doe 4), Dowshata (Doe 6), GO360-BOOTH (Doe 11), Peepoleck (Doe 15) and WiViTouch (Doe 17) (collectively "Defendants"), by and through their undersigned counsel, request that Plaintiff produce its witnesses for depositions to be ruled before Dec. 5, 2024 and state as follows:

1. The deadline to finish discovery is Dec. 17, 2024. Order Amending Scheduling Order [DE 149], p. 2.

2. On Nov. 8, 2024, the undersigned, on behalf the eleven (11) separate defendants to request available dates for at least five depositions with each deposition up to seven hours maximum, by offering seventeen options from Nov. 29 to Dec. 13, 2024.

3. On Nov. 11, 2024, due to Plaintiff's failure to respond, the undersigned urged Plaintiff for response via email.

4. On the same day, due to the fact that "[t]he depositions cannot be taken in China because of prohibitions in China on taking depositions there," *Flexsteel Pipeline Techs., Inc. v. Chen*, No.

5:16-cv-239-TKW-GRJ, at *8 (N.D. Fla. Aug. 9, 2019), we requested that the deposition be held in Miami, FL.

5. Due to Plaintiff's non-response, the undersigned reminded Plaintiff that Defendants will file a motion to compel if Plaintiff did not respond by Nov. 11, 2024.

6. On Nov. 13, 2024, Plaintiff promised to provide the dates of availability for deposit by the end of the same week.

7. Given the fact that all witnesses may not have enough time to process their visas to come to the U.S., both sides agreed that Hong Kong may be the good location for remote deposition.

8. On Nov. 14, 2024, Plaintiff disagreed to produce the witness because Plaintiff think five depositions were too many for Plaintiff and Plaintiff set the condition that only until Defendants provide the area of inquiry will Plaintiff produce the witness(es).

9. Defendants then explained that they were separate entities and they were entitled to eleven (11) depositions with each one up to maximum of 7 hours, however, the undersigned agreed to reduce to five (5) depositions with each one up to maximum seven hours.

10. On Nov. 14, 2024, the undersigned, given Plaintiff's unwilling to produce the witnesses, compromised and stated that "[i]f all facts are the same, then I am amenable to reduce the times and hours." *See* Exhibit A, Nov. 14, 2024 Email from Liu.

11. On Nov. 18, 2024, since Plaintiff still had not provide dates for depositions, the undersigned urge Plaintiff once again.

12. Plaintiff still failed to respond until Nov. 19, 2024. The undersigned reminded again that he would file a motion to compel if Plaintiff kept not responding to our emails.

13. On Nov. 19, 2024, Plaintiff once again promised to provide the dates before the weekend. *See* Exhibit "B," Email from Plaintiff's Counsel on Nov. 19, 2024.

14. On the same day, Plaintiff sent another email and conditioned the provision of the dates on providing the areas of inquiry. *See* Exhibit "C," Humberto's Email on Nov. 19, 2024.

15. The undersigned immediately responded that the area of inquiry shall cover all the allegations in the complaint and the pleading of our counterclaim, notwithstanding he had answered the same question in his prior emails. *See* Exhibit "D," Nov. 19 Email of Liu.

16. Until today, Plaintiff still failed to produce the dates for deposition of the witnesses of Plaintiff.

17. "A corporation then has the responsibility to produce a witness who can answer questions regarding the subject matter listed in the notice. King v. Pratt Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1995)." *Kawasaki Kisen Kaisha v. All City Used Auto Parts*, No. 3:07-cv-86-J-20MCR, at *4-5 (M.D. Fla. Feb. 13, 2008).

18. The undersigned informed Plaintiff the area of inquiry shall be in a notice of depositions.

19. Plaintiff is not permitted to set conditions to providing the dates for depositions, and is obligated to cooperate with Defendants in coordinating the depositions.

20. Given the deadline of discovery Dec. 17, 2024 is approaching, and there will be some five depositions to be held, and the difficulty of finding dates available for all parties, Defendants request that the Court treat this motion as expedited.

**WHEREFORE**, Defendants, TYTY USA (Doe 5 in the Schedule A of the Amended Complaint [DE 8]), Rez LLC (Doe 30), Achha 360 Photo Booth Store (Doe 52), AchhaGo (Doe 28) and health-robooter (Doe 104), 360 SPB Direct (Doe 2), Ceiveilas US (Doe 4), Dowshata (Doe 6), GO360BOOTH (Doe 11), Peepoleck (Doe 15) and WiViTouch (Doe 17), by and through their undersigned counsel, request that the Court compel Plaintiff to produce its witnesses for depositions and award attorney fees to Defendants.

Dated: Dec. 2, 2024

/s/ Jianyin Liu
Jianyin Liu, Esq.
1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188

**CERTIFICATE OF GOOD-FAITH CONFERRAL**

I certify that I conferred with the opposing counsel on Nov. 26, 2024 via phone. Plaintiff insisted that the undersigned must set the total numbers of concrete hours for depositions before they provide dates for depositions. The undersigned stated that it is not possible to provide accurate number of hours at this moment. Plaintiff insisted that they refused to provide the dates of availability for the depositions. Before the phone conversation, the undersigned reminded Plaintiff that if they continued unresponsive, a motion to compel would be filed, which Plaintiff stated that it was a threat and should not be used for litigation.

/s/ Jianyin Liu

**CERTIFICATE OF COMPLIANCE TO SCHEDULING ORDER [65]**

I certify that I have reached out to the opposing party for a date available for hearing of the instant motion and contacted the chamber to schedule a hearing before filing this motion.

/s/ Jianyin Liu

**CERTIFICATE OF SERVICE**

I certify that this document has been served to all parties on record via CM/ECF on this Dec. 2, 2024.

/s/ Jianyin Liu