**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 23-cv-24366-BLOOM/Torres**

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

Defendants

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTION

The eleven (11) defendants, TYTY USA (Doe 5 in the Schedule A of the Amended Com-

plaint [DE 8]), Rez LLC (Doe 30), Achha 360 Photo Booth Store (Doe 52), AchhaGo (Doe 28)

and health-robooter (Doe 104), WiViTouch (Doe 17), 360SPB Direct (Doe 2), Ceiveilas US (Doe

4), Dowshata (Doe 6), GO360BOOTH (Doe 11) and Peepoleck (Doe 15) by and though the

counsel undersigned, and their counsel Jianyin Liu and The Law Offices of James Liu PLLC,

hereby respond in opposition to Plaintiff's Rule 11(b) Motion for Sanctions [DE 177] ("Motion")

and state as follows:

## I.   RESPONSE TO PRELIMINARY STATEMENT.

Plaintiff complained the Motion to Sever as "belated." Mot., p. 2, ¶ 2. Rule 21 does not

set a deadline to file a motion to sever. *See* Fed. R. Civ. P. 21, generally. The Court issued the

ORDER AMENDING SCHEDULING ORDER AND CERTAIN PRETRIAL DEADLINES [DE

169] dated Dec. 11, 2024, setting the deadline to file all pre-trial motions before March 7, 2025.

Defendants' Motion to Sever [DE 171] was filed on Dec. 26, 2024. Thus, it is not belated. For all the other argument presented in this section, Defendants will adress in the following sections.

## II. BACKGROUND.

This is a Schedule A case, with Defendants all from China with limited budget in litigating the case. Thus, the Motion to Sever was filed with the strategic goal of Defendants after Defendants decided to go beyond the initial phase of motion to dismiss.

Plaintiff argued that to the extent that these products are not literally the same, they perform substantially the same function,[1] which is the standard for Doctrine of Equivalent, not the standard under 35 U.S.C. § 299.

Plaintiff argued that the Motion to Sever [DE 171] was with one single ground that Defends did not sell the same products. It is not right. In the Motion to Sever [DE 171], Defendants not only argued that the products sold by Defendants are not the same among the three groups of the aggregate Defendants, but also their products were different from those of other defendants in the instant case. See the Motion to Sever [DE 171], p. 3-7. The other ground of severance was based on § 299(a), which requires same transaction or occurrence. It is also addressed in the Motion to Sever.

## III. LEGAL STANDARD

In *Infinity Auto Ins*., the 11th Circuit Court explained:

A motion for Rule 11 sanctions comes with some risk. "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). In other words, the "motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." *Smith*, 750 F.3d at 1260 (citation omitted). So "when a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion." *Id*.

---

[1] Mot., ECF No. 177, p. 5, ¶ 2.

*Plantation Open MRI, LLC v. Infinity Auto Ins. Co.*, No. 19-10414, at *4 (11th Cir. June 15, 2020).

**IV. ARGUMENT**

> **a. Plaintiff Has the Burden to Plead Sufficient Facts for Joinder Under § 299, Not Defendants.**

A party that seeks permissive joinder "bears the burden of demonstrating that joinder is proper under [Rule] 20(a)(2)." *Damian v. Ein Cap, Inc.*, 21-cv-01792, at *5 (N.D. Ill. Mar. 17, 2023).

Plaintiff argued that the Motion to Sever did not have any factual basis. Mot., p. 8, ¶ 2. Therefore Defendants and the undersigned must be sanctioned. Plaintiff has the burden to show the Court the joinder is proper and permissive under § 299 as this is a patent-related cause of action. However, the Amended Complaint [DE 8] failed to plead any logical relationship among Defendants in order for them to join under § 299. The only hint that might serve as the ground of joinder is Plaintiff's allegation that "Defendants offer to sell exact copies, or copies that either directly and literally embody the elements of at least one claim of the Plaintiff's Patents or, in the alternative, perform substantially the same function in substantially the same way with substantially the same result as Plaintiff's Patents...." Am. Compl., ECF No. 8, p. 5, ¶¶ 25. Plaintiff argued that Defendants relied on the evidence of record filed by Plaintiff for the Motion to Sever. Mot., p. 8, ¶ 2. The evidence of record is the admission of Plaintiff, and Plaintiff did not deny those pictures in Figure 1 of the Motion [DE 171] were from their provision of infringing evidence. *Id*.

Only "factual allegations in the complaint" are taken as true; "conclusory statements" and "legal conclusions," even if "couched as a factual allegation," are "not entitled to be assumed

true." *Ashcroft v. Iqbal* , 556 U.S. 662, 678-79, 681, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Thus, conclusory allegations are not factual ones. See *Dongguang Saienchuangke Techonologies*,

*Co., Ltd. v. Unincorporated Ass'ns identified on Schedule A*, 24-cv-60865, at *9 (S.D. Fla. 2024,

Dec. 17, 2024), citing *Atlas IP, LLC*, 2014 WL 11906632 at *2, *Omega v. Individuals, Bus. Enti-

ties, & Unincorporated Ass'ns Identified*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023) (conclud-

ing the plaintiffs had asserted "broad, conclusory allegations of connectivity" in alleging that de-

fendants concurrently employed and benefitted from "substantially similar advertising and mar-

keting strategies" based upon the defendants' infringements of the plaintiffs' mark)*; Tang v.

Partnerships & Unincorporated Associations Identified on Schedule A*, No. 23 C 4587, 2024 WL

68332 (N.D. Ill. Jan. 4, 2024) (holding plaintiff's allegations were insufficient to justify the join-

der of multiple defendants in a single lawsuit where plaintiff claimed that the defendants were

part of a network of infringers, and the court found no substantial overlap in the evidence or fac-

tual connections between the claims against each defendant, indicating that the infringement was

by independent sellers of similar products, as opposed to the coordinated, mass infringement).

 In the instant case, not even conclusory allegations were made for the logical connection

between Defendants and the remaining defendants, let alone factual allegations. Am. Compl.,

ECF No. 8, *generally*.

**b. Motion to Sever [DE 171] Discussed Two Parts: Same Products and Same Transac-
tion.**

 Plaintiff then argued that Defendants' argument boiled down to the strained assertion that

the eleven Defendants sold different products. Mot., p. 9, ¶ 1. Plaintiff is erroneous. § 299(1) has

two requisites, one of which is "same transaction" and the other is "same products." 35 U.S.C. §

299. The Motion to Sever [DE 171] argued both.

### c. Regarding Same Products.

Plaintiff argued size is not a limitation of Plaintiff's Patents, thus, the purported different

in size never provided a legally sufficient basis for severance. Mot., p. 9, ¶ 1. Plaintiff is erro-

neous in applying the standard for patent infringement in the motion for severance under § 299.

In *In re Nintendo Co.*, 544 F. App'x 934, 10 (Fed. Cir. 2013), the court analyzed exactly the same

scenario as the one in the instant case:

> Instead, the court simply found that joinder is appropriate because there is at least one
> common claim of patent infringement against all defendants for the same accused product.
> Essentially, the court concluded that, because the retailer defendants *can be* joined under
> Rule 20 and the AIA, they will not be severed. If that were the appropriate test, there could
> never be misjoinder, and the applicable rules would be rendered meaningless.

*In re Nintendo Co.*, 544 F. App'x 934, 10 (Fed. Cir. 2013).

This is exactly what Plaintiff's allegation as ground for joinder, "Defendants offer to sell

exact copies, or copies that either directly and literally embody the elements of **at least one**

**claim** of the Plaintiff's Patents or, **in the alternative, perform substantially the same function**

**in substantially the same way with substantially the same result as Plaintiff's Patents** (here-

inafter referred to as the Defendants' "Counterfeit Copies") through Internet based e-commerce

stores operating under the Seller IDs." Am. Compl., ECF No. 8, p. 5, ¶ 25.

Such allegations are far from meeting the criteria of same products under § 299, with

standard of Doctrine of Equivalent pleaded in the Amended Complaint. "Motions to sever are

governed by Federal Circuit law, and we can turn to our sister circuits for guidance. *In re Ninten-*

*do Corp., Ltd.*, 544 Fed.Appx. 934, 938 (Fed. Cir. 2013)." *In re Amazon.com*, No. 2022-157, at

*3 (Fed. Cir. Dec. 15, 2022). In *In re EMC Corporation*, 677 F.3d 1351, 1359 (Fed. Cir. 2012),

the court explained:

> We agree that joinder is not appropriate where different products or processes are in- volved. Joinder of independent defendants is only appropriate where the accused prod- ucts or processes are the same in respects relevant to the patent. But the sameness of the accused products or processes is not sufficient. Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined un- der Rule 20's transaction-or-occurrence test unless the facts underlying the claim of in- fringement asserted against each defendant share an aggregate of operative facts. To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. The sameness of the accused products is not enough to establish that claims of infringement arise from the "same transaction."Unless there is an actual link between the facts underlying each claim of infringement, **independently developed products using differently sourced parts are not part of the same transaction**, even if they are otherwise coin- cidentally identical.

*In re EMC Corporation*, 677 F.3d 1351, 1359 (Fed. Cir. 2012).

The standard for "sameness" of products, is not whether the products infringed the same

limitation of any patent claim as alleged by Plaintiff in the instant motion, however, it is about

whether they whether or not they have overlapping or linked facts that will justify the judicial

economy. In fact, a court shall also consider "whether the alleged acts of infringement occurred

during the same time period, the existence of some relationship among the defendants, the use of

identically sourced components, licensing or technology agreements between the defendants,

overlap of the products' or processes' development and manufacture, and whether the case in-

volves a claim for lost profits." *In re EMC Corporation*, at 1359-60.

In the Motion to sever, Defendants mentioned that the sizes were different, let alone other

features with the product descriptions compared in Figure 1 on Page 6. Mot. to Sever, ECF No.

171, p. 5-6. Also, Defendants juxtaposed the representative product pictures and production de-

scriptions of Defendants' products in Figure 1, so that the Court can have a convenient visual comparison of the same. The size difference suggests that they are not the same products, with comparison of the other features as shown in the Figure 1 of the Motion to Sever. *Id.*

**d. Plaintiff's Reliance on *KPR* Is Both Misleading and Misrepresenting.**

Plaintiff argued that the Court in *KPR* rejected the argument that the sale of products, including products that were both the same and different, by different defendants, warranted severance, by citing to *KPR* that "the Federal Circuit has found no clear right to severance where the allegations against the defendants involved only 'some of the same accused products or processes.'" Mot., p. 10, ¶ 1.

Plaintiff's reliance on KPR is not only misleading but also misrepresenting. In *KPR*, "AME and LifeSync are accused of selling the same lead wires, and 3M is accused of selling "certain" of the same lead wires," *KPR U.S., LLC v. Lifesync Corp.*, 22-CV-60468-RUIZ/ STRAUSS, at *6 (S.D. Fla. June 24, 2023), the court found that "the Federal Circuit has found no clear right to severance where the allegations against the defendants involved only '*some* of the same accused products or processes,'" *id.*, quoting *Apple*, 650 Fed.Appx. at 774.

In *KPR*, the fact was all the defendants shared the commonality of at least "certain" of the same lead wires out of their portfolio of products, with others selling at least 88 lead wires such as AME and LifeSync. Thus, **within** each defendant, it sold at least portion of **same product.**  It is completely different here, as Plaintiff was fully aware, that a group or two of defendants sold same products and other groups sell different products. No commonality of same products were sold **within each** of all defendants.

However, Plaintiff concluded by misinterpreting the court analysis, that no matter the products are the same or different, by different defendants, the court in KPR rejected severance. Mot. for Sanction, ECF No. 177, p. 10, ¶ 1. Such arbitrary conclusion completely vizierates the criteria set for by § 299. "If that were the appropriate test, there could never be misjoinder, and the applicable rules would be rendered meaningless." *In re Nintendo Co.*, 544 F. App'x 934, 10 (Fed. Cir. 2013).

**e. Represented by the Same Counsel Does Not Warrant Waiver of Severance**.

Plaintiff is erroneous in asserting that since Defendants were represented by the same counsel, the claim to sever is waived. Six out of the eleven Moving Defendants were originally represented by another counsel and were recently transferred to the undersigned. The most important factor, is whether or not there is evidentiary overlapping and actual link among the defendants. § 299 never mentioned such caveat and no cases laws support Plaintiff's argument.

Secondly, 35 U.S.C. § 299 (c) provides, "[a] party that is an accused infringer may waive the limi- tations set forth in this section with respect to that party." 35 U.S.C. § 299. However, none of Defendants has ever waived the limitation set forth in § 299. When the plain meaning of a statute is clear, there is no room for interpretation. The subjective in this sentence is "a party." *Id*. Such party may voluntarily waive the limitation. *Id*. Inferring from joint motion and litigation to speculate the intent of the party to waive the limitation run afoul of Congress' plain languages of § 299(c).

In summary, in 11th Circuit, there is no such laws that by filing a joint motion defendants' right under § 299(a) is waived. Unless voluntarily waived, there is no waiver of § 299(c).

Plaintiff's argument hat the judicial economy is reflected by serving the same discovery to each other. It is not entirely correct. The judicial economy mainly shall be focused on the Court's conducting of the trial, motions and other proceedigns. In the instant case, Defendants may have to file eleven motions for summary judgment for the Amended Complaint, and additional eleven motions for summary judgment for the Counterclaim due to the difference of their products. In the trial, each of Defendants shall have different witnesses without evidentiary overlapping. The trial may have to take some 30 days for all seventeen defendants, which does not serve judicial economy at all.

### e. Plaintiff's Behavior of Avoiding Filing Fees Shall Not Be Encouraged.

By such improper joinder, similar to what occurred in Omega, "Plaintiffs' proposed joinder avoids payment of approximately $40,000 in filing fees. 28 U.S.C. § 1914; Court Fees, U.S. Dist. Ct. for the S. Dist. of Fla., https://www.flsd.uscourts.gov/court-fees." *Omega v. Individuals, Bus. Entities, & Unin- corporated Ass'ns Identified*, 650 F. Supp. 3d 1349, 1354 n.1 (S.D. Fla. 2023). Thus, it is not just for Plaintiff to avoid filing fees to improperly join all the defendants in the instant case.

### f. Attorney Fees for Prevailing Party.

"If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). In other words, the "motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." P*lantation Open MRI, LLC v. Infinity Auto Ins. Co.*, No. 19-10414, at *4 (11th Cir. June 15, 2020). So "when a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion." *Id.*

With the Motion to Sever [DE 171] fully briefed, Plaintiff was fully aware that it has the burden to plead sufficient allegations to meet the stringent criteria of § 299 and it failed to do it. Plaintiff was also aware of the weakness of their Opposition to the Motion to Sever [DE 173] when the Reply [DE 174] was filed, which rebutted the oppositions one by one.   However, it willfully threatened the undersigned and the Defendants with Rule 11 sanction, with all the grounds either frivolous or apparently untenable. For example, Plaintiff attempted to used the standard for Doctrine of Equivalent to supplant the one for sameness under § 299. Another example, Plaintiff, taking a snippet out of the case of *KPR*, to misrepresent to the Court, by misinterpreting the ruling without providing the context. Defendants and the undersigned request that this Court grant attorney fees and court cost in favor of Defendants and the undersigned for the financial loss and time expended in defending such a frivolous motion.

Dated: February 19, 2025

/s/ Jianyin Liu

Jianyin Liu, Esq.
1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188

**CERTIFICATE OF SERVICE**

I certify that this document has been served to all parties on record via CM/ECF on this

February 19, 2025.

/s/ Jianyin Liu