**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-24366-BLOOM/Torres**

MARVEL TECHNOLOGY (CHINA),
CO. LTD.,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

      Defendants.

_____/

**OMNIBUS ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS AND
<u>MOTION TO STRIKE</u>**

**THIS CAUSE** is before the Court Plaintiff Marvel Technology (China) Co. Ltd.'s ("Plaintiff") Motion for Attorneys' Fees and Costs, ECF No. [264] ("Motion for Fees"). Defendants KMT-USA, Foncusun USA, 360Scope, MBOBAO-US, Froectry USA, and FEMOORER ("Defendants") filed a Response in Opposition, ECF No. [265], to which Plaintiff filed a Reply, ECF No. [267]. Also before the Court is Plaintiff's Motion to Strike or Disregard Defendants' Exhibit B and References to Rule 408 Settlement Communications, ECF No. [266] ("Motion to Strike"). Defendants filed a Response in Opposition, ECF No. [268], to which Plaintiff filed a Reply, ECF No. [269]. The Court has reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion for Fees is granted in part and denied in part, and the Motion to Strike is denied.

### I.   BACKGROUND

On November 15, 2023, Plaintiff filed the instant suit for infringement of two utility

patents, U.S. Patent Nos. 11,719,380 (the "'380 Patent") and 11,720,000 (the "'000 Patent"), as well as one design patent, D976,993 (the "'993 Patent"). ECF Nos. [1], [8]. The '380 Patent covers a high-stability 360-degree photo booth. ECF No. [8] ¶ 2. The '000 Patent covers a 360-degree camera device with an atmosphere lamp. *Id*. The '993 Patent covers a camera platform. *Id*.

On January 30, 2024, the Court entered a preliminary injunction enjoining Defendants from, *inter alia*, "manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products which reproduce or copy Plaintiff's Patent[s]." ECF No. [30] at 6. The Court found that Plaintiff had demonstrated a "strong probability of proving at trial that the products Defendants are selling and promoting for sale contain unauthorized reproductions and or copies of Plaintiff's Patent[s]" along with a likelihood of "immediate and irreparable injury if a preliminary injunction order is not granted." *Id.* at 4.

On February 28, 2024, Defendants filed their Answer and Affirmative Defenses. ECF No. [42]. Plaintiff moved to strike Defendants' affirmative defenses on April 3, 2024. ECF No. [80]. On August 5, 2024, the Court granted Plaintiff's Motion to Strike in part and denied it in part. ECF No. [127].

On March 28, 2024, Defendants moved to dissolve the preliminary injunction, arguing that "Plaintiff's claim for preliminary injunctive relief does not stand up to adversarial scrutiny." ECF No. [67] at 3. Defendants argued, in the alternative, that the required bond should be increased. *Id*. The Court held that Defendants "fail[] to articulate a factual change since the Preliminary Injunction was entered that justifies its dissolution," ECF No. [126] at 8. The Court further determined that Defendants' Motion was "procedurally improper" that courts in this district "have rejected near-identical arguments." *Id.* at 6–7. Thus, the Court denied the motion to dissolve the preliminary injunction and also denied Defendants' request to increase bond. *Id.* at 8.

On March 27, 2025, Plaintiff moved for summary judgment. ECF No. [186]. Defendants failed to respond by the April 10, 2025 deadline. On April 11, 2025, Defendants moved for an extension of time to respond. ECF No. [194]. The Court denied Defendants' Motion, finding that Defendants "failed to show that their Motion for extension is supported by good cause or that they failed to timely act because of excusable neglect as required by Rule 6." ECF No. [195]. Defendants filed a renewed motion for extension of time, ECF No. [196], which the Court granted, allowing Defendants to respond to Plaintiff's Motion for Summary Judgment by April 17, 2025. ECF No. [197].

Defendants filed their Response on April 17, 2025. ECF No. [198]. In their Response, Defendants relied on materials that Defendants "failed to timely disclose." ECF No. [213] at 27. Thus, Plaintiff requested that such materials be excluded, ECF No. [203] at 2, and the Court required Defendants to file a sur-reply limited to addressing "whether the production of this evidence was timely produced during discovery, and if it was not, whether there is good cause for its untimely disclosure." ECF No. [208]. Defendants then filed a Sur-reply. ECF No. [209]. Following this, Plaintiff sought leave to file a Reply to correct misrepresentations, arguing that Defendants had exceeded the scope of the Court's Order and tried to rehash the infringement claim. ECF No. [210]. The Court granted that Motion, ECF No. [211] and Plaintiff filed its Reply. ECF No. [212].

On September 15, 2025, the Court granted Plaintiff's Motion for Summary Judgment. ECF No. [213]. Following this, Defendants moved for reconsideration. ECF No. [223]. The Court denied the Motion for Reconsideration, finding that Defendants were "simply unsatisfied with the Court's exercise of discretion and attempt to relitigate the issue in hopes of changing the Court's mind." ECF No. [239] at 9 n.7.

The Court thereafter ordered the parties to "confer to see if they are able to resolve the pending claims regarding damages and a permanent injunction" short of trial. ECF No. [244]. Ultimately, a bench trial on damages and willfulness was held on December 8, 2025. ECF Nos. [253], [254]. During the trial, the Court cautioned Defendants that, "again, the Court has already made a determination with regard to liability." ECF No. [254] at 13:4–5. On January 23, 2026, the Court entered its findings of fact and conclusions of law, holding that "Defendants offered no competing expert analysis, no contemporaneous financial records, and no admissible rebuttal evidence." ECF No. [263] ¶ 23. Furthermore, the Court found that "Defendants' witnesses' testimony about lower profit margins (5-25%) was speculative, lacked any evidentiary foundation, and is rejected as unreliable." *Id*. Accordingly, in the absence of "any persuasive rebuttal evidence," the Court found Plaintiff's "total lost profits to be $570,945.72, representing full compensation under 35 U.S.C. § 284." *Id.* ¶ 24. The Court explained that it would "defer entry of a Final Judgment pursuant to Rule 58(a) until after the Court's determination of taxable costs." *Id.* at 8.

The Court also found, based on credible witness testimony that Defendants' infringement was "not willful, deliberate, or undertaken in conscious disregard of [Plaintiff]'s rights," as Defendants were not aware of the patents and reasonably relied on their supplier's patents as assurance that they could sell the accused products in the United States. *Id.* ¶ 25. Finally, the Court found insufficient evidence that Defendants continued to sell the infringing products in violation of the Court's Preliminary Injunction. *Id.* ¶ 26.

On May 28, 2026, Plaintiff filed the instant Motion for Fees, arguing that "this case is exceptional and [] Plaintiff is entitled its reasonable attorneys' fees pursuant to 35 U.S.C. § 285." ECF No. [264] at 1. Defendants filed a Response in Opposition, arguing that this is not an

exceptional case, and "even if the Court were to find some aspect of the litigation exceptional, Plaintiff has not carried its burden to show that the requested fees and costs are reasonable, properly recoverable, or causally tied to any exceptional conduct." ECF No. [265] at 3. Plaintiff filed a Reply, reiterating that "this case is exceptional and that Plaintiff is entitled to its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285." ECF No. [267] at 1.

During the briefing of the Motion for Fees, Plaintiff filed the Motion to Strike, arguing that Exhibit B to Defendants' Response in Opposition should be stricken or disregarded as it improperly relies upon a confidential settlement communication in violation of Federal Rule of Evidence 408. ECF No. [266]. Defendant filed a Response in Opposition to the Motion to Strike, arguing that Federal Rule of Evidence 408 does not preclude Defendants' use of the communications at issue in Exhibit B. ECF No. [268]. Plaintiff filed a Reply, arguing that Defendants mischaracterize Federal Rule of Evidence 408 and improperly relied on a protected settlement communication. ECF No. [269].

## II.  MOTION TO STRIKE

Federal Rule of Evidence 408 provides that details about settlement negotiations, offers, or acceptances are not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). However, such materials are admissible where they serve "another purpose." Fed. R. Evid. 408(b). Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "a drastic remedy" that are generally disfavored by the courts. *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 821 (6th Cir. 1953)). Accordingly, such motions

"will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*

Plaintiff moves to strike Exhibit B to Defendants' Response to Plaintiff's Motion for Fees. ECF No. [266] at 1. Plaintiff argues that Defendants impermissibly use this exhibit—which is comprised of a compromise proposal in the current fee dispute—"to suggest a purported discrepancy between Plaintiff's compromise position and Plaintiff's filed fee request." ECF No. [266] at 1–2. Plaintiff argues that Defendants may not "affirmatively use Plaintiff's settlement proposal to oppose the same fee claim the proposal attempted to resolve." *Id.* at 3.

Defendants respond that Exhibit B is not offered to "prove or disprove the amount of Plaintiff's fee claim." ECF No. [268] at 2. Instead, Defendants offered the exhibit for purposes of assessing "the reasonableness of Plaintiff's position and the necessary context surrounding Plaintiff's fee request." *Id.* Thus, Exhibit B should not be stricken. *Id.* at 3–4.

Plaintiff replies that Defendants are clearly using settlement communications to prove or disprove the validity or amount of a disputed claim. ECF No. [269] at 2. They have not been offered "for a truly collateral issue such as bias, delay, or notice." *Id.* Thus, because such communications are used "to attack the amount of a disputed claim," Exhibit B should be stricken. *Id.* at 3.

The Court finds that striking Exhibit B would not be appropriate. For one, the communications are relevant to assessing the sufficiency of Plaintiff's conferral efforts—that is, to assessing whether Plaintiff satisfied Local Rule 7.1(a)(3). This is a plainly collateral purpose. Moreover, while Exhibit B includes settlement offers and negotiations, it has not been offered to prove or disprove the validity of the "claim." Fed. R. Evid. 408. Plaintiff's "claim" has already been resolved by the Court. *See* ECF Nos. [213], [262]. Exhibit B could instead serve to show the

reasonableness or unreasonableness of Plaintiff's attorneys' fees, which is the only matter still at issue between the parties and is not the same as Plaintiff's "claim."

Indeed, several courts within this circuit and other circuit courts have determined that "settlement negotiations may be considered by the district court as a factor in determining a fee award." *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011) (using evidence of settlement negotiations to determine attorney fees in a case brought under the Fair Housing Act, 42 U.S.C. §§ 3601–3619); *see also Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009) ("Rule 408 does not bar a court's consideration of settlement negotiation in its analysis of what constitutes a reasonable fee award in a particular case."); *Sanchez v. Alligator Landscaping Inc.*, No. 18-80533-CV, 2019 WL 13257267, at *2 (S.D. Fla. Feb. 25, 2019) (same); Goldwire v. City of Riviera Beach, Fla., No. 18-81285-CIV, 2021 WL 12346715, at *2 (S.D. Fla. Dec. 2, 2021) (same).

Thus, the Motion to Strike is denied.

## III. MOTION FOR FEES

In general, under the "American rule," each party must pay its own attorneys' fees, unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (internal citations omitted); *see also In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract).

However, 35 U.S.C. § 285 provides that a prevailing party may be awarded reasonable attorneys' fees in "exceptional cases." In 2014, the Supreme Court established the current framework guiding the assessment of what constitutes an "exceptional" case under § 285. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014). The Supreme Court explained that the phrase "exceptional case" should be interpreted in accordance with its ordinary

meaning—that is, to mean "uncommon," "rare," or "not ordinary." *Id*. By this standard, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554. The Supreme Court indicated that whether a case is "exceptional" is a discretionary matter to be determined based on the "totality of the circumstances," including factors such as "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Finally, the Court reduced the evidentiary standard for proving an "exceptional" case from clear and convincing evidence to a preponderance of the evidence. *Id.* at 557.

Plaintiff argues that this is an exceptional case based on the totality of the circumstances. ECF No. [264] at 1. Specifically, Plaintiff argues, first, that the case is exceptional because Plaintiff's litigating position was extremely strong and Defendants' litigating position was extremely weak. *Id.* at 8. Plaintiff cites to the Court's grant of Plaintiff's motion for a preliminary injunction and the Court's grant of summary judgment in favor of Plaintiff as evidence of this disparity. *Id.* at 8–9. Second, Plaintiff argues that this case is exceptional because Defendants litigated this case in an unreasonable manner. *Id.* at 10. Plaintiff cites to the Court's denial of Defendants' motion to dissolve the preliminary injunction, Defendants' multiple extensions of time, Defendants' loss on summary judgment, the Court's denial of Defendants' motion for reconsideration, Defendants' efforts to relitigate liability at the trial on damages and willfulness, Defendants' use of untimely disclosed or improper evidence in its response to the motion for summary judgment (necessitating a sur-reply), Defendants' misrepresentations in their sur-reply

(necessitating a reply from Plaintiff), Defendants' failure on the damages issue at trial, and Defendants' improper affirmative defenses. *Id.* at 10–13. Thus, Plaintiff asks for its reasonable attorneys' fees and costs in the amount of $66,780.00. *Id.* at 13.

Defendants respond, first, that the Court's findings on willfulness defeat Plaintiff's theory of exceptionality—that is, this case is unexceptional because the Court found that Defendants' infringement was not willful, Defendants were unaware of the patents, and there was insufficient evidence that Defendants continued selling in violation of the preliminary injunction. ECF No. [265] at 5–6. Second, Defendants argue their litigation positions were not exceptionally weak: they asserted non-frivolous patent defenses and opposed summary judgment with non-frivolous defenses. *Id.* at 6–7. Third, Defendants' Motion to Dissolve the Preliminary Injunction was not exceptional, because "Defendants had legitimate interest in testing the injunction through adversarial briefing." *Id.* at 7–8. Fourth, Defendants' Answer and Affirmative Defenses, though partially stricken, was not found to have been frivolous or pursued in bad faith and therefore cannot support a fee award. *Id.* at 8. Fifth, the summary judgment and sur-reply proceedings do not establish bad faith and merely indicate a standard summary judgment evidentiary dispute. *Id.* at 8–9. Sixth, Defendants' motion for reconsideration, though unsuccessful, was not exceptional. *Id.* at 9. Seventh, the damages trial was not unnecessary, and Defendants' prevailed on the issues of willfulness and enhanced damages, so the trial cannot "be characterized as pointless, fee-generating conduct." *Id.* at 10. And even if some portion of the case were exceptional, Plaintiff's requested fees and costs are unreasonable and overbroad, as they (1) are not tied to any exceptional conduct, (2) include fees for the instant Motion for Fees, (3) include ordinary litigation expenses, and (4) include fees related to the reconsideration motion. *Id.* at 10–13. Furthermore, Plaintiff's

asserted rate is insufficiently supported, and its request for costs is procedurally and substantively deficient. *Id.* at 13–14. Finally, Plaintiff did not fully comply with Local Rule 7.3(b). Id. at 14–15.

Plaintiff replies that this case is exceptional and warrants an award of reasonable attorneys' fees and costs. ECF No. [267] at 2. First, Plaintiff never argued that willfulness is the basis for exceptionality; indeed, willfulness is not required to establish exceptionality. *Id.* at 2–3. Moreover, Defendants' affirmative defenses were frivolous and, at any rate, "a finding of sanctionable conduct under Rule 11 is not necessary to warrant a finding of an exceptional case." *Id.* at 3–4. In addition, Defendants' decision to "test" the injunction was wholly unreasonable. *Id.* at 4–5. And Defendants' remaining arguments as to the remainder of the litigation are equally unavailing. Id. at 5–7. Furthermore, Plaintiff's requested fees are reasonable, as they are tied to extraordinary conduct and rightly include the expense of the instant Motion for Fees. *Id.* at 8–9. Finally, Plaintiff properly conferred as required by Local Rule 7.3(b). *Id.* at 9–10 n.3.

The Court finds that this case is not exceptional, and as a result, an award of attorneys' fees is not warranted. The Court addresses the two factors highlighted in *Octane Fitness*: (1) the substantive strength of Plaintiff's position relative to that of Defendants, and (2) Defendants' overall litigation conduct and motivation for filing suit.

### A. Substantive Strength of Plaintiff and Defendants' Positions

The Court begins by formally finding that Plaintiff was the prevailing party in this litigation. In patent litigation, Federal Circuit law governs the determination of which party is the "prevailing party." *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014); *see also Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010) (citing *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996)). To be the prevailing party, the Court must find: "(1) that the party received at least some relief on the merits, and (2) [t]hat relief must

materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." *Id.* (internal quotation omitted; quoting *Shum*, 629 F.3d at 1366).

Here, the Court granted summary judgment in favor of Plaintiff on the one Count identified in the Complaint, finding that Defendants had infringed three of the patents referenced by Plaintiff. ECF No. [213]. The Court later found that Plaintiff was entitled to a permanent injunction as well as monetary damages. ECF No. [262]. As a result, Defendants have been required to modify their behavior so as to avoid further infringement of Plaintiff's patents. In this regard, Plaintiff was plainly the prevailing party.

Turning to the relative and absolute strengths of the parties' positions, the Court finds that there is nothing extraordinary in the disparity between the strength of the parties' litigating positions. Certainly, the Court largely sided with Plaintiff throughout the course of this litigation, but "the *correctness* or eventual success" of Defendants' arguments is not determinative. *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015). What matters is whether the position was "simply meritless considering the totality of the evidence." *Pergo (Eur.) A.B. v. Stanley Black & Decker, Inc.*, No. 4:16-CV-319-HLM, 2018 WL 3949746, at *4 (N.D. Ga. May 7, 2018) (citation omitted).

Here, the Court cannot say that Defendants' legal positions were "frivolous[]" or "objective[ly] unreasonable[]." *Fogerty*, 510 U.S. at 534 n.19. The Court looks primarily to the two critical junctures of this case: the summary judgment phase and the trial phase. At summary judgment, Defendants raised arguments of invalidity based on prior Chinese patent proceedings and prior art and lack of infringement based on distinctions between the relevant designs. ECF No.

[213] at 2–3. Though the Court ultimately rejected these arguments, they were not entirely without merit and required substantial analysis from the Court. *See generally* ECF No. [213].

At the trial stage, there is similarly no basis for viewing Defendants' actions as extraordinary. A trial took place for the Court to resolve two issues: "(1) the amount of damages to be awarded to fully compensate [Plaintiff]; and (2) whether Defendants' infringement of [Plaintiff]'s patents was willful." ECF No. [262] at 1. The Court found Plaintiff entitled to $570,945.72 in damages, finding that Defendants had not offered competing expert analysis, contemporaneous financial records, admissible rebuttal evidence, or compelling witness testimony. *Id.* ¶¶ 23, 24. However, the Court found that Defendants' infringement "was not willful, deliberate, or undertaken in conscious disregard of [Plaintiff]'s patent rights." *Id.* ¶ 25. Indeed, the Court found credible Defendants' witnesses' testimony that they were not aware of Plaintiff's patents and reasonably relied on their supplier's patents for assurance that they could sell the accused products. *Id*. Furthermore, there was insufficient evidence that Defendants continued to sell infringing products in violation of the Court's preliminary injunction. *Id.* ¶ 26. Thus, the Court, having found that the infringement was not willful, declined to award Plaintiff enhanced damages. *Id.* ¶ 9. Given this mixed ruling, there was certainly some strength to Defendants' litigating position at the trial stage.

Even Defendants' motion for reconsideration, though ultimately unsuccessful, was not entirely without merit. As stated in the Court's Order, ECF No. [239], the issue was not that Defendants' arguments regarding improper application of the 35 U.S.C. § 102 framework were wholly frivolous; the issue was that the Court's summary judgment order did not depend on that application alone in reaching its conclusions. *Id.* at 8–11. That is, the Court's decision rested on

other, independently sufficient grounds. *Id*. The implication is that the argument was not frivolous, but it was simply insufficient.

Overall, the Court finds that—at all critical junctures of the case—Defendants advanced non-frivolous legal positions that were simply incorrect or unsuccessful. And at one critical juncture of the case—namely, trial—Defendants succeeded on the issues of willfulness and enhanced damages. As such, the Court does not find the disparity between the parties' litigating positions extraordinary.

**B. Defendants' Overall Litigation Conduct and Motivation for Filing Suit**

Under the standard announced in *Octane Fitness*, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness, LLC*, 572 U.S. at 555. As Eleventh Circuit precedent makes clear, "[a] case will not qualify as exceptional . . . merely because one side has zealously pursued or defended its claim." *Tobinick v. Novella*, 884 F.3d 1110, 1119 (11th Cir. 2018). Indeed, the Eleventh Circuit does not "place much weight" on a party's decision to continue litigating its case "even in the face of a number of adverse rulings." *Id*. At bottom, an award of attorneys' fees should be grounded on "a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel fees." *Checkpoint Sys. Inc. v. All-Tag Security, S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (citation omitted).

Plaintiff argues Defendants litigated this place in an unreasonable manner. ECF No. [264] at 10. Specifically, notwithstanding that this was a straightforward case of patent infringement, Defendants moved to dissolve the preliminary injunction, moved for reconsideration, and

13

attempted to relitigate liability at trial. *Id.* at 10–11. Moreover, Defendants relied on untimely disclosed or otherwise improper evidence in their opposition to summary judgment, requiring Plaintiff to seek exclusion and engage in additional briefing. *Id.* at 11–12. Finally, the trial on damages was unreasonable, as Defendants offered no viable contrary evidence. *Id.* at 12.

Defendants respond, first, that the motion to dissolve the preliminary injunction was not exceptional conduct, as Defendants "had a legitimate interest in testing the injunction through adversarial briefing." ECF No. [265] at 7. Similarly, the summary judgment and sur-reply proceedings do not establish bad faith, as the opposition to summary judgment "identified concrete issues" and the sur-reply proceedings were "a standard summary judgment dispute." *Id.* at 8–9. Similarly, the motion for reconsideration, though unsuccessful, was not exceptional, as it raised a legal issue and did not involve Defendants "fabricat[ing] facts or act[ing] in bad faith." *Id.* at 9. Finally, the damages trial was not unnecessary, as Defendants prevailed on the issue of willfulness. *Id.* at 9–10.

Plaintiff replies that Defendants did not have a legitimate interest in challenging the preliminary injunction, in large part because Defendants had notice of the motion for preliminary injunctive relief before it was granted. ECF No. [267] at 5. As to the summary judgment briefing, "[i]t was only because of Defendants' failure to adhere to the Federal Rules that Plaintiff was required to move to exclude such evidence, which prompted the Court to order Defendants to file a surreply." *Id.* at 6. Finally, as to trial, that Defendants prevailed on the issue of reasonableness does not make it reasonable for them to have insisted on a trial on damages when they never had a reasonable basis to dispute such damages. *Id.* at 7.

The Court does not find that Defendants' litigation conduct was exceptional, justifying an award of attorneys' fees. The Court begins on the closest call—Defendants' failure to timely

disclose discovery materials and subsequent reliance on such materials in its summary judgment opposition, thereby necessitating additional briefing. The Court does not find that this amounts to exceptional litigation conduct. For one, "the Court sees no glaring consequential effect from [Defendants'] purportedly poor discovery conduct. *Jetaire Aerospace, LLC v. Aersale, Inc.*, No. 1:20-CV-25144, 2025 WL 2606728, at *4 (S.D. Fla. July 8, 2025), *report and recommendation adopted*, No. 20-CV-25144, 2025 WL 2331086 (S.D. Fla. Aug. 13, 2025), *dismissed sub nom. Jetaire Aerospace, LLC V. Aersale Inc.*, No. 2025-2110, 2026 WL 964414 (Fed. Cir. Apr. 9, 2026); *see also Net Talk.com, Inc. v. Magic Jack Vocaltec Ltd.*, No. 12-CV-81022-GAYLES/TURNOFF, 2015 WL 10015379, at *8 (S.D. Fla. Nov. 20, 2015), *report and recommendation adopted*, 2016 WL 498437 (S.D. Fla. Feb. 9, 2016), *aff'd*, 682 F. App'x 941 (Fed. Cir. 2017) (denying motion for attorneys' fees under section 285 because "[a]ssuming Plaintiff may have been guilty of failing to timely respond to discovery requests, there was no evidence that the delays caused any actual prejudice to Defendants' rights. . . . Moreover, the Court notes that Defendants did not seek sanctions for the alleged discovery violations. Indeed, as Plaintiff argued, during the course of this entire litigation, no party was sanctioned for discovery abuses or otherwise."). Moreover, binding precedent counsels that discovery misconduct, rather than justifying a fee award under § 285, warrants a focus on Federal Rule of Civil Procedure 37. *See Arbrook, Inc. v. Am. Hosp. Supply Corp.*, 645 F.2d 273, 279 (5th Cir. 1981) ("Finally, we reject the contention that the plaintiffs' alleged improper conduct during discovery supports a fee award. Assuming such improprieties took place, the proper remedy lies under Fed. R. Civ. P. 37 and not under § 285."). Thus, the Court does not find that discovery improprieties by Defendants warrant a finding of exceptionality.

Defendants' remaining litigation conduct amounts to nothing more than zealous advocacy. Motions to dissolve an injunction and for reconsideration are standard elements of litigation and

are not evidence that Defendants "prolong[ed] litigation in bad faith," *Taurus IP, LLC v. Dairnler-Chrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013), nor are they evidence that Defendants "advance[ed] frivolous argument during the course of litigation." *Cartner v. Alamo Group, Inc.*, 561 F. App'x 958, 963 (Fed. Cir. 2014); *see also Alexsam, Inc. v. WildCard Sys., Inc.*, No. 15-CV-61736, 2019 WL 2245420, at *13 (S.D. Fla. Feb. 13, 2019), *report and recommendation adopted*, No. 15-CV-61736, 2019 WL 1010241 (S.D. Fla. Mar. 4, 2019) (finding that the filing of a motion for reconsideration was "non-egregious").

Finally, the ultimate requirement of a trial was not exceptional. Plaintiff points to the fact that "Defendants offered no competing expert analysis, no contemporaneous financial records, and no admissible rebuttal evidence." ECF No. [263] ¶ 23. But mere failure to present evidence does not support a finding that Defendants' conduct was exceptional, *NXP B.V. v. Blackberry, Ltd.*, 58 F. Supp. 3d 1313, 1321 (M.D. Fla. 2014), nor does a "flawed damages theory." *Atlas IP, LLC v. Medtronic, Inc.*, No. 13-23309-CIV, 2016 WL 3981342, at *4 (S.D. Fla. May 5, 2016). This is especially true where the issue of damages was tied up with the issue of willfulness, rendering a trial all the more necessary.

Overall, the totality of the circumstances reveals that this is not a case that stands out from the others with respect to how the case was litigated. Defendants' conduct, while far from perfect, falls squarely within the range of typical litigation activities, and the Court sees no evidence of improper motivations. *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015) (explaining the moving party's burden to "to make a record supporting its characterization of [the non-moving party's] improper motivations." As such, the Court declines to find exceptionality based on Defendants' litigation conduct.[1]

---

[1] "As for considerations of compensation and deterrence, we evaluate those factors as 'inextricably intertwined' with the reasonableness and frivolity of [the non-prevailing party's] claims." *Malibu Media.*

## C. Request for Costs

Plaintiff also requests reimbursement of $1,948.20 in taxable costs pursuant to 28 U.S.C. § 1920. ECF No. [264] at 14–15. Defendant argues that Plaintiff ought to have sought costs through a bill of costs and should better separate out taxable costs from non-taxable expenses. ECF No. [265] at 14.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted*, 2011 WL 1598732, at *1 (S.D. Fla. Apr. 27, 2011).

Under 28 U.S.C. § 1920, the Court may tax the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

---

*LLC v. Pelizzo*, 604 F. App'x 879, 881 (11th Cir. 2015). Here, because Defendants' position was not objectively unreasonable, nor were their positions frivolous, and because Defendants' conduct does not constitute bad faith or improper motivation, awarding attorneys' fees to Plaintiff would not advance considerations of compensation and deterrence.

28 U.S.C. § 1920. "The party seeking costs must not only show that the costs claimed are recoverable but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009) (citation omitted).

In light of the Court's earlier determination, the Plaintiff is the prevailing party, Plaintiff is entitled to recover the costs described in § 1920. Furthermore, the Court finds Plaintiff's costs sufficiently detailed in and evidenced by its exhibits, ECF Nos. [264-5], [264-6], and does not find that Defendants have disputed any cost as falling outside the scope of § 1920. As such, the Court awards Plaintiff $1,948.20 in taxable costs.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Fees, **ECF No. [264]**, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded **$1,948.20** in taxable costs but is not awarded any attorneys' fees.

2. Plaintiff's Motion to Strike, **ECF No. [266]**, is **DENIED**.

3. The Court will enter a Final Judgment by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 3, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record